UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | Case No.: 24-18942-CLC |
| RANEE A. BARTOLACCI, | Chapter 7 |
| Debtor._____/ | |

**CREDITOR YH LEX ESTATES, LLC'S FIRST MOTION TO EXTEND TIME TO (I) OBJECT TO THE DEBTOR'S CLAIMED EXEMPTIONS; AND (II) FILE A COMPLAINT OBJECTING TO THE DEBTOR'S DISCHARGE AND/OR TO DETERMINE THE DISCHARGEABILITY OF DEBT**

YH Lex Estates, LLC ("YH"), a creditor and party-in-interest in the chapter 7 bankruptcy case of Ranee A. Bartolacci (the "Debtor" or "Ms. Bartolacci"), the above-captioned debtor, by and through its co-counsel, Berger Singerman LLP and Klestadt Winters Jureller Southard & Stevens LLP, as and for its motion (the "Motion") for an order, pursuant to 11 U.S.C. §§ 522, 523 and 727 and Bankruptcy Rules 4003, 4004, 4007, and 9006(b), and Local Rules 4003-1, 4004-2, 4007-1 and 9013-1, extending YH's time to: (1) object to the Debtor's claimed exemptions under 11 U.S.C. § 522 for a period of time through and including February 7, 2025; and (2) to file a complaint objecting to the Debtor's discharge under 11 U.S.C. § 727 and/or to challenge the dischargeablity of certain debts 11 U.S.C. § 523 for a period of time through and including March 9, 2025, respectfully sets forth and represents as follows:

**BACKGROUND**

1.      The Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on August 30, 2024 (the "Petition Date") in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court").

13369197-3

2.	On August 30, 2024, Drew Dillworth was appointed as the chapter 7 trustee of the Debtor's estate; however, on September 4, 2024, Robert Angueira (the "Trustee"), was appointed as the successor chapter 7 trustee.

3.	On October 10, 2024, the Trustee conducted, and the Debtor testified, at the meeting of creditors pursuant to 11 U.S.C. § 341(a) (the "341 Meeting").

4.	The current deadline to object to the Debtor's claimed exemptions is November 9, 2024 (the "Exemption Deadline").

5.	The current deadline to object to the Debtor's discharge and/or the Dischargeability of a particular debt or obligation owed by the Debtor is December 9, 2024 (the "Discharge Deadline").

6.	At the 341 Meeting, the Trustee indicated that he would be seeking Rule 2004 discovery from the Debtor, including an oral examination of the Debtor, and invited interested parties to cross-notice the Trustee's Rule 2004 notice. As of the date hereof, the Trustee has not noticed the Debtor's examination. YH understands that the examination is likely to take place in early December and intends to cross-notice the Debtor's Rule 20024 examination.

7.	On October 21, 2024, the Trustee filed an agreed motion [ECF No. 26] (the "Extension Motion") seeking a 90-day extension of the deadlines to object to the Debtor's claim of exemptions and her discharge. On October 24, 2024, the Court entered an agreed order [ECF No. 28] granting the Extension Motion and establishing (i) February 7, 2025 as the deadline for the Trustee to object to the Debtor's exemption, and (ii) March 9, 2025 as the deadline for the Trustee to object to the Debtor's discharge.

8.	In addition, at the 341 Meeting, the Trustee also indicated that he would be sending an appraiser to the Debtor's home to appraise, among other property, the Debtor's jewelry. The

Debtor has assessed the aggregate value of her jewelry as $39,600, which far exceeds any exemption which she is entitled to claim under Florida law.

9. While the Debtor agreed to the relief requested by the Trustee in the Extension Motion, the Debtor rejected, without basis, YH's request for a similar extension.

**RELIEF REQUESTED**

10. YH seeks entry of an order extending the time during which it may (i) object to the Debtor's claimed exemptions for a period of time through and including February 7, 2025; and (ii) object to the Debtor's discharge or challenge the Dischargeability of certain debts for a period of time through and including March 9, 2025.

11. Bankruptcy Rule 4003 states that the Court may, for cause, extend the time to object to claimed exemptions if the request to do so is made before the time has expired.

12. Bankruptcy Rule 9006(b) states that the Court, for cause shown, may order a period enlarged if the request to do so is made before the expiration of the period originally prescribed.

13. Counsel for YH is currently in the process of analyzing the Debtor's financial affairs, including the Debtor's schedules assets and liabilities and requires additional time to determine whether an objection to either or both the Debtor's claimed exemptions, discharge and/or dischargeability is appropriate under the circumstances.

14. YH wishes to participate in the Trustee's Rule 2004 examination of the Debtor and, since that examination is unlikely to take place until after the existing Discharge Deadline, would like the benefit of the additional due diligence gained through such discovery before it makes its decision regarding how to proceed with the respect to the Debtor's discharge or the dischargeability of YH's claim against the Debtor.

15. Moreover, YH has doubts about the Debtor's asserted value of the jewelry itemized

on her bankruptcy schedules and would like the benefit of the valuation of the Trustee's appraiser or its own appraiser before it determines whether or how to proceed with respect to any objections to the claimed exemptions or exemption amounts. YH seeks to protect its rights with respect to the Exemption Deadline while it engages in that inquiry.

16. Notwithstanding the Debtor's unreasonable denial of YH's request for extension, the Debtor would not be harmed by granting YH the same extension granted to the Trustee and permitting YH the same opportunities to conduct its own due diligence of the Debtor and the representations she made on her schedules before launching into litigation.

17. This is YH's first request for an extension of the deadlines to object to exemptions and to file complaints objecting to the Debtor's exemptions, discharge and/or to determine dischargeability.

18. Therefore, YH requests an extension of the Exemption Deadline and the Discharge Deadline, to accord with the same dates granted the Trustee, so that it may properly participate in and conduct its own due diligence of the Debtor, and the representations made in her bankruptcy case. YH submits to this Court that reasonable and sufficient cause is present in this case to extend the Exemption Deadline to February 7, 2025 and the Discharge Deadline to March 9, 2025 with respect to YH.

**WHEREFORE**, YH respectfully requests an order granting the requested relief, and for such other and further relief this Court deems equitable and just.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this pleading was served via CM/ECF Service on this 4th day of November, 2024 upon: Luis Salazar, Esq., as Debtor's Counsel; Robert A. Angueira, as Trustee, and the AUST; and via U.S. Mail upon the Debtor, Ranee A. Bartolacci at 501 NE 31st Street, Unit 1506, Miami, Florida 33137.

I HEREBY CERTIFY that I am admitted to the Bar for the District Court in the Southern District of Florida and am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

Dated: November 4, 2024

Respectfully submitted,

Kathleen Aiello, Esq. (admitted *pro hac vice*)
Tracy Klestadt, Esq. (admitted *pro hac vice*)
Klestadt Winters Jureller Southard & Stevens, LLP
200 West 41st Street, 17th Floor
New York, NY 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Email: kaiello@klestadt.com
         tklestadt@klestadt.com

-and –

BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By: */s/ Jordi Guso*
       Jordi Guso
       Florida Bar No. 0863580
       jguso@bergersingerman.com

*Co-Counsel for YH Lex Estates, LLC*

5

13369197-3