UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 24-18942-RAM |
| | : | |
| RANEE A. BARTOLACCI, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| _____/ | | |

**TRUSTEE'S OBJECTION TO CLAIM**

> **IMPORTANT NOTICE TO CREDITORS:**
> **THIS IS AN OBJECTION TO YOUR CLAIM**
>
> This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.
>
> If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve (mail) a copy to the Trustee OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.
>
> Any written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court, C. Clyde Atkins United States Courthouse, 301 N. Miami Avenue, Room 150, Miami, FL 33128.

Pursuant to FRBP 3007 and Local Rule 3007-1, the Trustee objects to the following claims filed in this case:

| Claim No. | Name of Claimant | Amount of Claim | Basis for Objection and Recommended Disposition |
|---|---|---|---|
| 10-1 | Vincent Vaccarella PA<br>888 East Las Olas Blvd<br>Suite 700<br>Ft. Lauderdale, FL 33301 | $163,358.65 | **Objection:** Based upon the Trustee's ongoing review of the claims filed in this matter, and the Debtor's bankruptcy petition and schedules and other relevant financial documents, the Trustee submits that the Trustee is unable to verify the validity of the claim asserted in Claim No. 10-1, filed by Vincent Vaccarella PA in the amount of $163,358.65. |

| | | | Specifically, the Trustee is unable to ascertain whether the Claimant in fact has a claim against the Debtor's estate for the following reasons:<br><br>1. The Claimant has not produced any documentation to the Trustee which enables the Trustee to verify the validity of the claim. For example, the Trustee requests the production of an account statement or credit agreement evidencing the pre-petition Debtor-Creditor relationship. For example, the Trustee request a break down of all the time entries that support the amounts claims. In addition, the Trustee request a copy of the signed retention agreement between the Debtor and the law firm.<br>2. The Trustee's concerns are consistent with the requirements of Fed.R.Bankr.P.3001, and the provisions of 11 U.S.C. §502(b). Rule 3001(c)(3)(B) provides that "on written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing specified in paragraph (1) of this subdivision," i.e. the writing upon which the proof of claim is based. With respect to the provisions of §502(b)(1), it is well established that claims shall not be allowed if the claim would be unenforceable against the Debtor under applicable non-bankruptcy law. If the Trustee cannot tell based on the claim, as it is filed, whether the creditor authorized the filing of the proof of claim, then it is similarly impossible to tell whether the |

| | | | |
|---|---|---|---|
| | | | claim is enforceable against the Debtor. Additionally, if the Trustee cannot tell whether a claim is valid and enforceable against the Debtor based on the claim as-filed, then the Trustee cannot perform his statutory duties pursuant to 11 U.S.C. §704(5).<br><br>The Trustee requests that the Claimant produce documentation to the Trustee in order to establish the validity and extent of this Claim, specifically a retention agreement with the debtor and time slips report reflecting the claim amount.<br><br>This information and/or documentation should be produced to the Trustee at his business address at 16 SW 1st Avenue, Miami, FL 33130 and should clearly state the name of the Debtor, the Case Number, the Claim Number, and the Claimant's name.<br><br>**Recommended Disposition:** In the event that the Claimant is unable to provide the Trustee with sufficient information and/or documentation to allow the Trustee to ascertain the validity and extent of the Claim, the Trustee requests that Claim No. 10-1 be stricken and disallowed. |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was mailed on this 16th day of April, 2025, to: the creditors listed in the Objection to Claim as follows:

Vincent Vaccarella PA
888 East Las Olas Blvd
Suite 700
Ft. Lauderdale, FL 33301

Vincent Vaccarella PA
John Moore, Esq.
888 East Las Olas Blvd
Suite 700
Ft. Lauderdale, FL 33301

**I CERTIFY THAT** a copy of the foregoing was served via the Notice of Electronic Filing on this 16th day of April, 2025, to:

- Nestor C Bustamante    nbustamante@cozen.com, nestor-bustamante-2974@ecf.pacerpro.com
- Heidi A Feinman    Heidi.A.Feinman@usdoj.gov
- Yanay Galban    yanay@rabankruptcy.com, robert@rabankruptcy.com
- Jordi Guso    jguso@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.courtdrive.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Luis Salazar    Luis@Salazar.Law, luis-salazar-4791@ecf.pacerpro.com;Ceide@salazar.law;Lee-Sin@Salazar.Law;Suarez@Salazar.Law;Lorenzo@Salazar.Law;MSalazar@Salazar.Law

Dated:   April 16, 2025

ROBERT A. ANGUEIRA
Chapter 7 Trustee
16 SW 1st Avenue
Miami, FL 33130
Tel. (305) 263-3328
e-mail trustee@rabankruptcy.com

By    */s/ Robert A. Angueira, Esq.*
        ROBERT A. ANGUEIRA
        Chapter 7 Trustee
        Florida Bar No. 0833241