UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 24-18942-RAM |
| | : | |
| RANEE A. BARTOLACCI, | : | CHAPTER 7 |
| | : | |
|     Debtor. | : | |
| _____/ | | |

## TRUSTEE'S OBJECTION TO CLAIM

---

**IMPORTANT NOTICE TO CREDITORS:**
**THIS IS AN OBJECTION TO YOUR CLAIM**

    This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.

    If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve (mail) a copy to the Trustee OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.

    Any written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court, C. Clyde Atkins United States Courthouse, 301 N. Miami Avenue, Room 150, Miami, FL 33128.

---

    Pursuant to FRBP 3007 and Local Rule 3007-1, the Trustee objects to the following claims filed in this case:

| Claim No. | Name of Claimant | Amount of Claim | Basis for Objection and Recommended Disposition |
|---|---|---|---|
| 8-1 | Quinn Emanuel Urquhart & Sullivan LLP<br>685 S. Figueroa St., 10th FL<br>Los Angeles, CA 90017 | $129,316.01 | **Objection:** Based upon the Trustee's ongoing review of the claims filed in this matter, and the Debtor's bankruptcy petition and schedules and other relevant financial documents, the Trustee submits that the Trustee is unable to verify the validity of the claim asserted in Claim No. 8-1, filed by Quinn Emanuel Urquhart & Sullivan LLP in the amount of $129,316.01. |

Specifically, the Trustee is unable to ascertain whether the Claimant in fact has a claim against the Debtor's estate for the following reasons:

1. The Claimant has not produced any documentation to the Trustee which enables the Trustee to verify the validity of the claim. For example, the Trustee request a breakdown of all the time entries that support the amount claimed. In addition, the Trustee requests a copy of the signed retention agreement between the Debtor and the law firm.

2. The Trustee notes that the Creditor has attached an addendum to the proof of claim, explaining the reason for the Claim is legal advice provided to the "Debtors." However, nothing in this document contains evidence of a pre-petition Debtor-Creditor relationship showing that the Debtor is liable for any debt amount declared on the proof of claim.

3. The Trustee's concerns are consistent with the requirements of Fed.R.Bankr.P.3001, and the provisions of 11 U.S.C. §502(b). Rule 3001(c)(3)(B) provides that "on written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing specified in paragraph (1) of this subdivision," i.e. the writing upon which the proof of claim is based. With respect to the provisions of §502(b)(1), it is well established that claims shall not be allowed if the claim would be unenforceable against the Debtor under applicable

non-bankruptcy law. If the Trustee cannot tell based on the claim, as it is filed, whether the creditor authorized the filing of the proof of claim, then it is similarly impossible to tell whether the claim is enforceable against the Debtor. Additionally, if the Trustee cannot tell whether a claim is valid and enforceable against the Debtor based on the claim as-filed, then the Trustee cannot perform his statutory duties pursuant to 11 U.S.C. §704(5).

The Trustee requests that the Claimant produce documentation to the Trustee in order to establish the validity and extent of this Claim, specifically an account statement, retention agreement or invoice with the Debtor's signature, which clearly evidences the pre-petition Debtor-Creditor relationship.

This information and/or documentation should be produced to the Trustee at his business address at 16 SW 1st Avenue, Miami, FL 33130 and should clearly state the name of the Debtor, the Case Number, the Claim Number, and the Claimant's name.

**Recommended Disposition:**    In the event that the Claimant is unable to provide the Trustee with sufficient information and/or documentation to allow the Trustee to ascertain the validity and extent of the Claim, the Trustee requests that Claim No. 8-1 be stricken and disallowed.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true copy of the foregoing was mailed on this 17th day of April, 2025, to: the creditors listed in the Objection to Claim as follows:

Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th FL
Los Angeles, CA 90017

**I CERTIFY THAT** a copy of the foregoing was served via the Notice of Electronic Filing on this 17th day of April, 2025, to:

- Nestor C Bustamante        nbustamante@cozen.com,
  nestor-bustamante-2974@ecf.pacerpro.com
- Heidi A Feinman        Heidi.A.Feinman@usdoj.gov
- Yanay Galban        yanay@rabankruptcy.com, robert@rabankruptcy.com
- Jordi Guso        jguso@bergersingerman.com,
  fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.courtdrive.com
- Office of the US Trustee        USTPRegion21.MM.ECF@usdoj.gov
- Luis Salazar        Luis@Salazar.Law,
  luis-salazar-4791@ecf.pacerpro.com;Ceide@salazar.law;Lee-Sin@Salazar.Law;Suarez
  @Salazar.Law;Lorenzo@Salazar.Law;MSalazar@Salazar.Law

Dated:   April 17, 2025

ROBERT A. ANGUEIRA
Chapter 7 Trustee
16 SW 1st Avenue
Miami, FL 33130
Tel. (305) 263-3328
e-mail trustee@rabankruptcy.com

By     */s/ Robert A. Angueira, Esq.*
      ROBERT A. ANGUEIRA
      Chapter 7 Trustee
      Florida Bar No. 0833241