UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 24-18942-RAM |
| | : | |
| RANEE A. BARTOLACCI, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| _____ | / | |

## TRUSTEE'S OBJECTION TO CLAIM

---

**IMPORTANT NOTICE TO CREDITORS:**
**THIS IS AN OBJECTION TO YOUR CLAIM**

    **This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf.  Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.**

    **If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve (mail) a copy to the Trustee OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.**

    **Any written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court, C. Clyde Atkins United States Courthouse, 301 N. Miami Avenue, Room 150, Miami, FL 33128.**

---

    Pursuant to FRBP 3007 and Local Rule 3007-1, the Trustee objects to the following claims filed in this case:

| Claim No. | Name of Claimant | Amount of Claim | Basis for Objection and Recommended Disposition |
|---|---|---|---|
| 1-1 | YH Lex Estates LLC c/o Andrew Heymann, Esq. 40 Wall Street, 35th Floor New York, NY 10005 | $12,587,387.52 | **Objection:**  Based upon the Trustee's ongoing review of the claims filed in this matter, and the Debtor's bankruptcy petition and schedules and other relevant financial documents, the Trustee submits Claim No. 1-1, filed by YH Lex Estates LLC in the amount of $12,587,387.52 is duplicative of Claim No. 2-1 filed by George L. Miller, the Chapter 7 Trustee ("Trustee Miller") for the bankruptcy estate of EAM 40 Meadow Lane LLC in |

the bankruptcy case styled In re EAM 40 Meadow Lane LLC, case number 22-10293 (BLS) (the "Delaware Bankruptcy Case"), pending in the United States Bankruptcy Court for the District of Delaware.

The Delaware Trustee and the Claimant have entered into a settlement agreement which was approved by the Bankruptcy Court (District of Delaware). Under the Court approved agreement any recovery by the Claimant from the Debtor is property of the estate of the Delaware Bankruptcy Case and will be held by Trustee Miller in the Trustee's escrow account and distributed in accordance with the priority distribution set forth in § 726 of the Bankruptcy Code. The settlement also provides that if the Claimant recovers funds from the Debtor, Trustee Miller consents to the claimant being granted a claim pursuant to 11 U.S.C. § 503(b), subject to approval of the Delaware Bankruptcy Case and Trustee Miller's right to object to the 503(b) claim for reasonableness of amount. Enclosed as Exhibit 1 is a copy of the settlement agreement and order granting same.

The Trustee submits that Claim No. 1-1 is a duplicate claim of Claim No. 2-1 which was filed by Trustee Miller. If both claims are allowed as filed, the Claimant will receive a windfall by getting a distribution from two bankruptcy estates for the same claim to the detriment of other creditors of this bankruptcy estate.

**Recommended Disposition**: Based on the aforementioned the Trustee requests that Claim No. 1-1 be stricken and disallowed.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was mailed on this 6th day of August, 2025, to: the creditor listed in the Objection to Claim as follows:

YH Lex Estates LLC
c/o Andrew Heymann
40 Wall Street, 35th Floor
New York, NY 10005

**I CERTIFY THAT** a copy of the foregoing was served via the Notice of Electronic Filing on this 6th day of August, 2025, to:

- Nestor C Bustamante        nbustamante@cozen.com, nestor-bustamante-2974@ecf.pacerpro.com
- Heidi A Feinman        Heidi.A.Feinman@usdoj.gov
- Yanay Galban        yanay@rabankruptcy.com, robert@rabankruptcy.com
- Jordi Guso        jguso@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.courtdrive.com
- Office of the US Trustee        USTPRegion21.MM.ECF@usdoj.gov
- Luis Salazar        lsalazar@coleschotz.com, luis-salazar-4791@ecf.pacerpro.com;lsalazar@coleschotz.com;JCeide@coleschotz.com;LLorenzo@coleschotz.com;Alee-sin@coleschotz.com;lee-sin@salazar.law
- Vincent Francis Vaccarella        litigation@v-law.net

Dated:   August 6, 2025

ROBERT A. ANGUEIRA
Chapter 7 Trustee
16 SW 1st Avenue
Miami, FL 33130
Tel. (305) 263-3328
e-mail trustee@rabankruptcy.com

By     */s/ Robert A. Angueira, Esq.*
ROBERT A. ANGUEIRA
Chapter 7 Trustee
Florida Bar No. 0833241

# Exhibit "1"

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Case No. 22-10293 (BLS) |
| | : | |
| EAM 40 MEADOW LANE LLC, | : | Chapter 7 |
| | : | |
| Debtor. | : | |
| | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Case No. 22-10294 (BLS) |
| | : | |
| EZL 40 MEADOW LANE LLC, | : | Chapter 7 |
| | : | |
| Debtor. | : | |
| | : | |

------------------------------------------------------------x

## STIPULATION AND ORDER BETWEEN AND AMONG THE CHAPTER 7 TRUSTEE AND YH LEX ESTATES LLC RESOLVING PROCEDURAL POSTURE AND CLARIFYING ROLES AND RECOVERY WITH RESPECT TO CERTAIN LITIGATION CLAIMS

This stipulation and order (the "Stipulation") is entered into by and between (i) George L. Miller (the "Trustee"), as chapter 7 trustee of the bankruptcy estates (the "Estates") of EAM 40 Meadow Lane LLC ("EAM") and EZL 40 Meadow Lane LLC ("EZL" and together with EAM, the "Debtors"), the above-captioned debtors, and (ii) YH Lex Estates LLC ("YH"). The Trustee and YH are sometimes collectively referred to herein as the "Parties" and are sometimes each individually referred to as a "Party".

### RECITALS

**WHEREAS**, on November 3, 2020, YH commenced an action, captioned *YH Lex Estates LLC v. HFZ Capital Group LLC, Ziel Feldman and Nir Meir*, Index No. 655980/2020 (Sup. Ct. N.Y. Cty., filed Nov. 3, 2020), in which a nearly $20 million judgment was entered against Nir Meir ("Meir") on June 15, 2021 (the "Meir Judgment"); and

**WHEREAS**, as of April 5, 2021, title to certain real property located at 40 Meadow Lane, Southhampton, New York (the "Property"), was held by EAM; and

**WHEREAS**, on April 5, 2021, the Property was sold by EAM to an unrelated third-party for approximately $43 million; and

**WHEREAS**, the proceeds resulting from the sale of the Property (the "Sale Proceeds") appear to have been distributed by the title company to certain parties and the Sale Proceeds do not appear to have been deposited with or remitted to EAM; and

**WHEREAS**, on February 10, 2022, upon its discovery of the distribution of Sale Proceeds to certain parties, including Ranee A. Bartolacci ("Bartolacci") and Ermitage One, LLC ("Ermitage"), YH commenced a special proceeding captioned *YH Lex Estates LLC v. Nir Meir, Ranee A. Bartolacci and Ermitage One, LLC*, Index No. 151267/2022 (Sup. Ct. N.Y. Cty.), Justice Joel M. Cohen presiding (the "Proceeding"), in the Supreme Court of the State of New York, County of New York (the "NY Supreme Court"), seeking a judgment against Bartolacci and Ermitage for, among other amounts, the amounts of the Sale Proceeds they received from the sale of the Property (the Litigation Claims); and

**WHEREAS**, on April 6, 2022 (the "Petition Date"), EAM and EZL, non-parties to the Proceeding, each filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") and are currently pending under the above-captioned bankruptcy proceedings (the "Bankruptcy Cases"), the Honorable Brendan L. Shannon presiding; and

**WHEREAS**, on April 6, 2022, George L. Miller was appointed to serve as the Chapter 7 Trustee of both of the Debtors' Bankruptcy Cases; and

2

**WHEREAS**, on April 7, 2022, the Debtors, by and through Meir not the Trustee, filed a Notice of Removal of the Proceeding to the United States District Court for the Southern District of New York (the "SDNY District Court"); and

**WHEREAS**, on April 7, 2022, the Debtors, by and through Meir, withdrew the Notice of Removal filed in the Proceeding, and instead, Meir filed a Notice of Removal of the Proceeding to the SDNY District Court on his own behalf; and

**WHEREAS**, on April 8, 2022, the Proceeding was transferred to the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court"), where it is currently pending under Adversary Proceeding Number 22-01077 (the "Adversary Proceeding"), the Honorable James L. Garrity, Jr. presiding; and

**WHEREAS**, on April 11, 2022, upon an Order to Show Cause entered by the New York Bankruptcy Court in the Adversary Proceeding [See Adv. Pro. ECF No. 10], YH filed the *Memorandum of Law in Support of YH Lex Estates LLC's Emergency Motion for an Order of Remand* (the "Remand Motion") and the supporting *Declaration of Mark Hatch-Miller* [See Adv. Pro. ECF Nos. 8 & 9] (the "Hatch-Miller Declaration"); and

**WHEREAS**, on April 14, 2022, in accordance with the Order to Show Cause, Meir filed his Opposition to YH's Remand Motion [See Adv. Pro. ECF Nos. 20 & 21] and Bartolacci and Ermitage jointly filed their Opposition to YH's Remand Motion [See Adv. Pro. ECF Nos. 23 & 24]; and

**WHEREAS**, on April 18, 2022, in accordance with the Order to Show Cause, YH filed *YH Lex Estates, LLC's Reply to Defendants' Oppositions to Plaintiff's Motion to Remand Removed Proceeding to Supreme Court, New York County* [See Adv. Pro. ECF No. 28 (the "Reply"); and

3

**WHEREAS**, on April 18, 2022, Meir caused each of the Debtors to file their respective *Schedules of Assets and Liabilities* ("Schedules") and *Statement of Financial Affairs* ("SOFA") in their respective Bankruptcy Cases; and

**WHEREAS**, on April 19, 2022, Meir filed the *Sur-Reply of Nir Meir in Further Opposition to Plaintiff's Motion to Remand Removed Proceeding to Supreme Court, New York County* [See Adv. Pro. ECF No. 30] (the "Sur-Reply"); and

**WHEREAS**, on April 20, 2022, the Debtors, by and through Meir, amended their creditor matrices in the Bankruptcy Cases to add additional creditors and/or notice parties; and

**WHEREAS**, the hearing on the Remand Motion, the Oppositions filed by Meir and Bartolacci and Ermitage, the Reply and the Sur-Reply, is scheduled to be heard by the New York Bankruptcy Court on April 22, 2022 at 2:00 p.m. (prevailing Eastern Time) (the "Remand Hearing"); and

**WHEREAS**, in the context of the Remand Motion, the Trustee and YH, by and through their respective counsel, have discussed the Bankruptcy Cases and the Proceeding, and the ownership interest of the Litigation Claims and the Sale Proceeds, including whether the Litigation Claims constitute property of either of the Debtors' Estates; and

**WHEREAS**, in the context of the Remand Motion, the Trustee and YH, by and through their respective counsel, have also discussed YH's allegations of Bartolacci's and Ermitage's disregard for and procedural defaults on discovery deadlines set by the NY Supreme Court, including document production and deposition deadlines, which, according to YH, have not been extended or continued; and

**WHEREAS**, the Parties are desirous of resolving the issues regarding the Proceeding, the Litigation Claims and the Sale Proceeds and have agreed that liquidating the Litigation Claims and

4

recovery of the Sale Proceeds as expeditiously as possible is in the best interests of all Parties, particularly considering the possible rapid dissipation of liquid assets, such as the Sale Proceeds, the advanced procedural posture of the Proceeding in the NY Supreme Court (with a trial scheduled to begin, in the event the NY Supreme Court finds upon remand there are any genuine factual disputes precluding summary judgment against Bartolacci and Ermitage, on May 2, 2022), and the NY Supreme Court's prior determination that Meir is estopped from denying his previously admitted 100% ownership of EZL, and therefore, EAM; and

**NOW THEREFORE**, the Parties hereby stipulate and agree, through their undersigned counsel, and intending to be bound, as follows:

1.    **Incorporation of Recitals**.  The foregoing recitals are hereby incorporated herein by reference, are expressly acknowledged and agreed to by the Parties, and shall have the same force and effect as if in the body of this Stipulation.

2.    **Bankruptcy Court Approval**.  This Stipulation is subject to the approval of the Delaware Bankruptcy Court.  Immediately upon execution of this Stipulation by the Parties and the New York Bankruptcy Court's decision at the Remand Hearing, the Trustee will take steps to have this Stipulation approved by the Delaware Bankruptcy Court upon notice to the parties in interest in the Debtors' Bankruptcy Cases.

3.    **Trustee's Consent to Remand**.  The Trustee consents to entry of an order by the New York Bankruptcy Court, in substantially the form annexed hereto as **Exhibit A**, remanding the Proceeding to the NY Supreme Court so that YH and the Trustee can proceed to seek summary disposition on the merits, or if necessary proceed to trial on May 2, 2022, in the Proceeding.  YH and the Trustee shall be permitted to pursue the Proceeding without any delay, and without awaiting the approval of this Stipulation by the Delaware Bankruptcy Court.

LEGAL\57625404\5 8888888/00801684
04/21/2022

4. **Trustee's Reservation of Rights.** Notwithstanding the agreement set forth herein, the Trustee reserves his rights to intervene as a party plaintiff in the Proceeding. If this Stipulation is not approved by the Delaware Bankruptcy Court as set forth in Paragraph 2 herein, then in such event the Proceeding shall be stayed pursuant to 11 U.S.C. § 362. The Trustee may execute his rights to intervene as a party plaintiff in the Proceeding, which are expressly reserved herein, and in such event YH hereby consents to the Trustee's intervention in the Proceeding. Any compromise or settlement of the Proceeding, or, judgment entered in the Proceeding is subject to approval of the Trustee and the Delaware Bankruptcy Court.

5. **Recovery to be Held in Escrow.** Any recovery by YH from Bartolacci or Ermitage resulting from the Proceeding, including from the enforcement of any judgment entered in the Proceeding against Bartolacci and/or Ermitage is property of the Estate of EAM and will be held by the Trustee in the Trustee's escrow account for the Estate of EAM and distributed in accordance with the priority distribution set forth in §726 of the Bankruptcy Code.

6. **Substantial Contribution Claim.** To the extent that YH recovers monies from Bartolacci or Ermitage, then the Trustee consents to YH being granted a claim pursuant to 11 U.S.C. § 503(b), for substantial contribution against the Debtors' Estates for recovery of such monies for the benefit of the Debtors' Estates and their creditors, subject to an application by YH upon approval by order of the Delaware Bankruptcy Court. The Trustee reserves the right to review and object to the 503(b) claim of YH for reasonableness of amount. Distribution to YH on an allowed claim for substantial contribution under §503(b) shall have priority in distribution ahead of allowed claims of general unsecured creditors.

7. **Claims Asserted Against Debtors.** YH will assist the Trustee in reviewing the claims that may be asserted against the Debtors in the Bankruptcy Cases by providing background

6

knowledge and information regarding each claim asserted. The Trustee consents to YH's standing as a creditor to prosecute claim objections to the extent the Trustee declines to prosecute any objection to a claim directly and shall support YH's standing to contest any such claim if opposed by another creditor or party in interest, including the claimant facing the claim objection.

8.    **Charging Order**. Provided that any recoveries from the Proceeding, or on account of enforcement of a judgment emanating from the Proceeding against Bartolacci and/or Ermitage, have been turned over to the Trustee as property of the EAM Debtor's bankruptcy estate, then once the Trustee has completed the distributions of those funds to EAM's creditors on account of claims asserted against the EAM Estate which have been authorized or allowed in accordance with the Bankruptcy Code, (the "Allowed Claims"), then the Trustee shall make the distribution directly to YH as a party in interest, recognizing YH as the sole economic interest holder of the EZL's interest in EAM pursuant to and to the extent of the Meir Judgment and a Charging Order to which the Trustee consents herein.

9.    **Interpretation as Waiver**. Notwithstanding the terms set forth in this Stipulation, nothing herein shall prevent, limit or restrict YH or the Trustee, or otherwise be deemed a waiver by YH or the Trustee, of their rights to pursue or protect their respective interests with respect to the Debtors Estates or their Bankruptcy Cases.

10.    **Binding Terms.** The terms of this Stipulation shall be binding upon all parties in interest.

11.    **Amendment and Waivers**.  This Stipulation may not be modified, amended, waived, changed or terminated orally, but only by an agreement in writing, signed by all Parties and approved by order of the Delaware Bankruptcy Court.

7

12.    **Complete Agreement**.  This Stipulation and exhibit annexed hereto, constitutes the entire agreement and understanding between and among the Parties relating to the subject matter hereof, and supersedes all prior proposal, negotiations, agreements and understandings (written or oral), among the Parties hereto with respect to such subject matter.

13.    **Binding Effect**.  Upon approval of this Stipulation by the Delaware Bankruptcy Court, this Stipulation will be binding upon the Trustee, YH, and their successors and assigns. The provisions of this Stipulation, and any and all rights, remedies, privileges, and benefits provided or acknowledged in this Stipulation, and any actions taken pursuant thereto, shall be effective immediately upon the entry of an order by the Delaware Bankruptcy Court approving this Stipulation (and any stay of the Proceeding is hereby dispensed with).  Upon entry of an order of the Delaware Bankruptcy Court dismissing the Debtors' Bankruptcy Cases, or upon the abandonment from the Estates of the Trustee or the Debtors' interest in the Property, the Sale Proceeds thereof, or the proceeds of any Litigation Claims, then YH's right to pursue  any claims set forth in the Proceeding or the enforcement of any judgment obtained against Bartolacci and/or Ermitage obtained in the Proceeding without involvement of the Trustee, shall be immediately restored provided however that any recoveries by YH shall remain subject to payment of administrative expenses of the Estates incurred prior to the aforesaid dismissal, or, abandonment.

14.    **Choice of Law and Jurisdiction.**  This Stipulation shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of Delaware and applicable Federal law.  The Parties hereby consent to the resolution of any and all disputes arising under, in connection with or relating to this Stipulation, and any claims or actions based upon this Stipulation, by and under the exclusive jurisdiction of the Delaware Bankruptcy Court.

LEGAL\57625404\5 8888888/00801684
04/21/2022

15.    **Execution in Counterparts**. This Stipulation may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.  This Stipulation may be executed by electronic signatures, including without limitation, by PDF, and all electronic signatures shall have the same force and effect as an original signature.

16.    **Expenses.**  Each Party shall pay its own fees, costs, expenses and disbursements in connection with the preparation, execution and delivery of this Stipulation and each of the other documents executed in connection herewith and the transactions contemplated hereby.

17.    **Successors and Assigns**. This Stipulation shall be binding on and inure to the benefit of the successors and assigns of each of the Parties.

*[Balance of Page Intentionally Left Blank – Signatures on Following Pages]*

9

Dated:   New York, New York
         April 21, 2022

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By: _____

Tracy L. Klestadt
Kathleen Aiello
200 West 41st Street, 17th Floor
New York, New York 10036-7203
Tel: (212) 679-5320
Email: tklestadt@klestadt.com
       kaiello@klestadt.com

*Counsel to YH Lex Estates LLC*

10

Dated: Wilmington, DE
        April 21, 2022

COZEN O'CONNOR

By: _____

John T. Carroll, III (DE4060)
1201 North Market Street, Suite 1001
Wilmington, Delaware 19801
Tel: (302) 295-2028
Email: jcarroll@cozen.com

*Proposed Counsel to George L. Miller,*
    *Chapter 7 Trustee of EAM 40 Meadow*
    *Lane LLC and EZL 40 Meadow Lane*
    *LLC*

Dated: Philadelphia, PA
        April 21, 2022

**CHAPTER 7 TRUSTEE OF
EAM 40 MEADOW LANE LLC AND
EZL 40 MEADOW LANE LLC**

By: _____

George L. Miller, not individually but solely
in his capacity as Chapter 7 Trustee of the
Estates of EAM 40 Meadow Lane LLC and
EZL 40 Meadow Lane LLC
1628 John F. Kennedy Blvd., Suite 950
Philadelphia, Pennsylvania 19103-2110
Tel: (215) 561-0950
Email: gmiller@mctllp.com

11

# EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
YH LEX ESTATES LLC,                                     :
                                                        :
             Plaintiff,               :
                                                        :
           -against-                :
                                                        :   Adv. Pro. No. 22-01077 (JLG)
NIR MEIR, RANEE A. BARTOLACCI, and                      :
ERMITAGE ONE, LLC,                                      :
                                                        :
            Defendants.              :
-------------------------------------------------------------------x

## ORDER REMANDING PROCEEDING TO NEW YORK STATE SUPREME COURT

Upon the *Memorandum of Law in Support of YH Lex Estates LLC's Emergency Motion for an Order of Remand* (the "Remand Motion") and the supporting *Declaration of Mark Hatch-Miller* (the "Hatch-Miller Declaration") [See ECF Nos. 8 & 9], which were filed on April 8, 2022 by Plaintiff YH Lex Estates LLC ("YH") in the above-captioned adversary proceeding; and upon the *Order to Show Cause Why Proceeding Should Not be Remanded to New York State Supreme Court* (the "Order to Show Cause") [See ECF No. 10], dated April 11, 2022; and upon the *Declaration of Robert L. Rattet in Opposition to Plaintiff's Motion to Remand Removed Proceeding to Supreme Court, New York County* (the "Rattet Declaration") and the *Memorandum of Law in Opposition to Plaintiff's Motion to Remand Removed Proceeding to Supreme Court, New York County* (the "Meir Opposition") [See ECF Nos. 20 & 21]; and upon the *Declaration of Pankaj Malik in Opposition to Plaintiff's Motion to Remand Removed Proceeding to Supreme Court, New York County* (the "Malik Declaration") and the *Memorandum of Law in Opposition to Plaintiff's Motion* (the "Bartolacci/Ermitage Opposition") [See ECF Nos. 23 & 24], each filed on April 14, 2022; and upon *YH Lex Estates, LLC's Reply to Defendants' Oppositions to Plaintiff's Motion to Remand Removed Proceeding to Supreme Court, New York County* (the "Reply") [See. ECF No. 28], filed

1

on April 18, 2022; and upon the *Sur-Reply of Nir Meir in Further Opposition to Plaintiff's Motion to Remand Removed Proceeding to Supreme Court, New York County* (the "Sur-Reply") [See ECF No. 30], filed on April 19, 2022; and upon the consent of George L. Miller (the "Trustee"), the Chapter 7 Trustee of the bankruptcy estates of EAM 40 Meadow Lane LLC and EZL 40 Meadow Lane LLC, which cases are pending in the United States Bankruptcy Court for the District of Delaware, as Case Nos. 22-10293 and 22-10294, respectively, Judge Brendan L. Shannon, presiding (the "Bankruptcy Cases"), as set forth in the *Stipulation and Order Between and Among the Chapter 7 Trustee and YH Lex Estates LLC Resolving Procedural Posture and Clarifying Roles and Recovery with Respect to Certain Litigation Claims* (the "Stipulation"); and upon the hearing held before this Court on April 22, 2022 (the "Hearing"), the record of which is incorporated herein by reference; and the Court having jurisdiction to consider the Remand Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Remand Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);p and venue being properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Remand Motion and the Order to Show Cause having been provided; and the Court having found and determined that the relief sought in the Remand Motion is appropriate and in the best interests of the parties in interest; and that the legal and factual bases set forth in the Remand Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor **and for the reasons set forth on the record at the Hearing,** [JLG]

**IT IS HEREBY ORDERED THAT:**

      1.    The Remand Motion is granted.

2.    The above-captioned proceeding shall be immediately remanded to the Supreme Court for the State of New York and shall continue as a special proceeding under the caption under which it was initially filed, *YH Lex Estates LLC v. Nir Meir, Ranee A. Bartolacci and Ermitage One, LLC*, Index No. 151267/2022 (Sup. Ct. N.Y. Cty.), Justice Joel M. Cohen presiding (the "Proceeding").

3.    This Court does not ~~hereby~~ modify or extend, any scheduling or other orders entered by the Supreme Court prior to removal, other than those deadlines with respect to Defendants Bartolacci and Ermitage's deadline to oppose summary judgement and to commence Defendant Bartolacci's deposition, as set forth by the Court at the **telephonic** conference held on April 14, 2022. **[JLG]**

4.    YH and the Trustee are authorized and empowered to take all steps and to take all such action necessary to implement the terms of this Order.

5.    The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; however, the adversary proceeding shall be closed by the clerk of the Court immediately upon remand of the proceeding to the Supreme Court.

Dated:    New York, New York
          April 22, 2022

/s/ *James L. Garrity, Jr.*

HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE

3

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Case No. 22-10293 (BLS) |
| EAM 40 MEADOW LANE LLC, | Chapter 7 |
| Debtor. | **Related Doc. No.** 21, 40 |
| In re: | Case No. 22-10294 (BLS) |
| EZL 40 MEADOW LANE LLC, | Chapter 7 |
| Debtor. | **Related Doc. No.** 15, 31 |

## ORDER APPROVING STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND YH LEX ESTATES LLC PURSUANT TO FED. R. BANKR. P. 9019

Upon consideration of the motion (the "Motion")[1] by George L. Miller, in his capacity as the Chapter 7 trustee (the "Trustee") for the bankruptcy estates (the "Estates") of the above-captioned debtors (the "Debtors"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), seeking an order approving the stipulation by and between the Trustee and YH Lex Estates LLC ("YH"), a copy of which was attached to the Motion, incorporated therein and marked as Exhibit "1" (the "Stipulation"); the Bankruptcy Court being satisfied that the Stipulation is a fair and equitable settlement which meets or exceeds the required range of reasonableness, the relief requested in the Motion is in the best interests of the Estates and the Debtors' creditors, and sufficient notice of the Motion and opportunity for a hearing has been given; and upon due deliberation,

---

[1] Capitalized terms shall have the same meaning ascribed in the Motion unless otherwise defined herein.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED**.

2.      Notice of the Motion to the Notice Parties, as provided in the Motion, is adequate, sufficient and satisfies the required notice to be provided of the Motion.

3.      The Stipulation attached as Exhibit "1" to the Motion is **APPROVED**.

4.      The Trustee is authorized to take any and all actions as may be necessary or appropriate to implement the terms and provisions of the Stipulation.

5.      To the extent necessary to effectuate the terms of the Stipulation, any stay of the Proceeding under section 362 of the Bankruptcy Code is hereby lifted *nunc pro tunc* to the Petition Date.  The 14-day stay under Bankruptcy Rule 4001(a)(3) is waived and shall not apply to the Stipulation, which shall be immediately effective upon the entry of this Order on the docket.

6.      The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation and/or enforcement of the Stipulation and/or this Order.

**Dated: May 2nd, 2022**
**Wilmington, Delaware**

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

2