UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

|  |  |  |
|---|---|---|
| In re: | : | CASE NO.: 24-18942-CLC |
|  | : |  |
| RANEE A. BARTOLACCI, | : | CHAPTER 7 |
|  | : |  |
| Debtor. | : |  |
| _____ / |  |  |

### MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

***Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.***

COMES NOW, Robert A. Angueira, Chapter 7 Trustee (through counsel and pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9013-1(D), files his Motion to Approve Stipulation to Compromise Controversy into by and between: (i) Robert A. Angueira ("Trustee Angueira") solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Ranee A. Bartolacci (the "Bankruptcy Estate"); (ii) Ranee A. Bartolacci, the debtor (the "Debtor") in the above-captioned bankruptcy case (the "Bartolacci Bankruptcy Case"); (iii) George L. Miller solely in his capacity as the Chapter 7 Trustee ("Trustee Miller") for the bankruptcy estate of EAM 40 Meadow Lane LLC in the bankruptcy case styled In re EAM 40 Meadow Lane LLC, case No. 22-10293 (BLS) (the "EAM Bankruptcy Case"), pending in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"); and (iv) YH Lex Estates LLC ("YH Lex" and, together with Trustee Angueira, the Debtor, and Trustee Miller, the "Parties"), and states as follows:

### JURISDICTION, VENUE, STATUTORY AND PROCEDURAL BASIS

1. This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§

157 and 1334.  Venue is proper pursuant to sections 28 U.S.C §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).  The statutory basis for this Motion is section 105 of the Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. ("Bankruptcy Code").  The procedural predicate for the requested relief is Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P.").

## BACKGROUND

2.  On August 30, 2024 (the "Petition Date") the Debtor commenced the Bartolacci Bankruptcy Case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Florida Bankruptcy Court").

3.  Robert A. Angueira is the duly appointed and serving Chapter 7 Trustee in the Bartolacci Bankruptcy Case.

4.  The §341 Meeting of Creditors in the Bartolacci Bankruptcy Case was held and concluded on October 10, 2024 (the "§341 Meeting of Creditors").

5.  The Debtor voluntarily appeared for Rule 2004 examinations conducted by Trustee Angueira and YH Lex on January 13, 2025, which were continued at the request of Trustee Angueira and YH Lex, and which Trustee Angueira and YH Lex ultimately concluded on February 7, 2025 (collectively, the "Rule 2004 Examination"); neither the Trustee nor YH Lex filed any motion to compel testimony or related relief in connection with the examinations.

6.  On or about December 4, 2024, Trustee Angueira filed an *Ex Parte* Motion for the Entry of an Order Authorizing the Trustee to sign an Amendment to Escrow Agreement and Necessary Closing Documents Effective as of December 4, 2024 [ECF No. 44] (the "Motion") seeking the authority to execute the necessary documents to effectuate the sale of the 142 Commerce Drive

Lot (as defined below), and seeking the authority to hold the proceeds from the sale of the 142 Commerce Drive Lot (as defined below), in the amount of $253,814.49 (the "Sale Proceeds").

7. On or about December 9, 2024, the Florida Bankruptcy Court entered an Order Granting Trustee's *Ex Parte* Motion for the Entry of an Order Authorizing the Trustee to Sign an Amendment to Escrow Agreement and Necessary Closing Documents Effective as of December 4, 2024 [D.E. 52].

8. On December 9, 2024, Trustee Miller filed an adversary Complaint for Determination of Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A) against the Debtor in the Florida Bankruptcy Court, thereby commencing the adversary proceeding titled Miller v. Ranee A. Bartolacci, which is pending at Adv. Pro. No. 24-01485-RAM (the "Trustee Miller Adversary Proceeding").

9. On April 8, 2025, YH Lex filed an adversary Complaint Seeking Entry of a Judgment Declaring the Debtor's Obligation to be Nondischargeable Pursuant to 11 U.S.C. § 523(A) and Denying the Debtor's Discharge Pursuant to 11 U.S.C. § 727 (a) against the Debtor in the Florida Bankruptcy Court, thereby commencing the adversary proceeding titled YH Lex Estates LLC v. Ranee A. Bartolacci, which is pending at Adv. Pro. No. 25-01116-RAM, (the "YH Lex Adversary Proceeding").

10. On April 8, 2025, Creditor YH LEX Estates, LLC's filed an Objection to the Debtor's Claimed Exemptions, Pursuant to 11 U.S.C. § 522 and Fed. R. Bankr. P. 4003(b) [ECF No. 89].

11. On August 6, 2025, Trustee Angueira filed an Objection to YH Lex's Claim in the Bartolacci Bankruptcy Case [ECF No. 129] (the "Objection to Claim").

Case No.: 24-18942-RAM

## THE PROPOSED SETTLEMENT[1]

12. In light of among other things, the expense and uncertainty of litigation and in order to provide for the expeditious administration of this Bankruptcy Estate, the Parties desire to settle all the matters in this case and have all signed the Stipulation to Compromise Controversy that is enclosed as Exhibit "1" (the "Settlement" or the "Stipulation").

13. The Debtor has paid Trustee Angueira $2,900,000.00 in cleared funds (the "Settlement Payment") which is being held in trust in the Robert A. Angueira, P.A. IOLTA bank account pending the: (i) the Florida Bankruptcy Court's entry of an order approving the Stipulation which is a Final Order (the "Florida Approval Order") and (ii) the Delaware Bankruptcy Court's entry of an order approving the Stipulation which is a Final Order (the "Delaware Approval Order"). For purposes of the Stipulation, "Final Order" means an order or judgment that has not been reversed, stayed, modified or amended, and as to which the time to file an appeal, motion for reconsideration or rehearing, or request for a stay has expired with no appeal, motion for reconsideration or rehearing, or request for a stay having been timely filed.

14. Pursuant to the Stipulation, Trustee Angueira is selling, and the Debtor is purchasing, all of the Bankruptcy Estate's right, title, and interest in and to all assets of the Bankruptcy Estate except for the Bankruptcy Estate Funds (the "Transferred Assets"), including: (i) All legal and equitable claims, causes of action, and choses in action; (ii) All tangible and intangible non-cash and non-cash-equivalent assets; and (iii) Any residual rights or interests in scheduled non-cash and non-cash-equivalent property of the Bankruptcy Estate. The Debtor agrees and acknowledges that the sale of the Transferred Assets is "AS-IS, WHERE-IS," with no representations or warranties of any type being given by Trustee Angueira or his professionals.

---

[1] The following is a summary of the key terms of the Proposed Settlement. The terms of the Stipulation control and all parties are urged to review same. All capitalized terms not otherwise defined in this Motion shall have the

4

All the Parties to the Stipulation agree that Trustee Angueira will distribute the Settlement Payment, Sale Proceeds and all other funds in the Bankruptcy Estate (collectively, the "Bankruptcy Estate Funds") as part of the overall distribution in the Bartolacci Bankruptcy Case in accordance with the proposed and estimated distribution waterfall attached to the Stipulation as **Exhibit "A"** (the "Waterfall"). The Waterfall is included for purposes of illustrating the manner in which the Bankruptcy Estate Funds will be distributed and is not a representation as to the amount that may ultimately be distributed. The Bankruptcy Estate Funds will be distributed pursuant to the Bankruptcy Code, the distribution proposed in the Waterfall is an estimate and is subject to change based on the actual administrative fees and expenses as allowed by the Court. In addition, based on the facts and circumstances in the Bartolacci Bankruptcy Case and the information provided by the Debtor, the Debtor's tax basis in the 142 Commerce Drive Lot is equal to or higher than the amount the Bankruptcy Estate received. The position of Trustee Angueira is that there is no income tax impact to the Bankruptcy Estate based on the 142 Commerce Drive Lot.

15. As it relates to the Bankruptcy Estate, the Settlement Payment in the amount of $2,900,000.00 will be allocated for tax purposes as follows:

- $2,900,000.00 attributable to any and all causes of action Trustee Angueira could bring against the Debtor, Bart 8, Fairfield and Debtor's insiders.

16. The portion of the Bankruptcy Estate Funds distributable to Trustee Miller and YH Lex as set forth in the attached proposed and estimated Waterfall shall be paid by Trustee Angueira to each of them as follows: 50% to Trustee Miller and 50% to YH Lex. In exchange for receipt of their respective portions of the Bankruptcy Estate Funds, Trustee Miller and YH

---

meanings ascribed to them in the Stipulation.

Lex are each granting releases to the Debtor as provided herein.

17.    Since Trustee Angueira is paying 100% of the secured and priority portions of the IRS Claim, the Debtor is purchasing the Transferred Assets free of any liens that the IRS may claim on any of the Transferred Assets.  The IRS is being given notice of the Settlement in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure.  The position of Trustee Angueira is that this will give the IRS an opportunity to assert any and all claims it may have against the Bankruptcy Estate and the Debtor concerning the Settlement. The Order approving the Stipulation and settlement shall provide that the Debtor is deemed a good-faith purchaser of the Transferred Assets and that the Debtor is purchasing the Transferred Assets free of any liens and claims that have been filed against the Bankruptcy Estate, or any liens and claims of such parties.

18.    As part of the Settlement, the Debtor has agreed that Trustee Angueira may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge[2] to ensure that the Florida Approval Order and the Delaware Approval Order become final orders as defined herein.

19.    The Settlement does not affect or change in any way the Court's *Order* [D.E. 52] which authorizes Trustee Angueira to hold the Sale Proceeds, provided; however, that upon entry of the Florida Approval Order (as defined herein) Trustee Angueira shall be authorized to make payment of the Sale Proceeds as part of the Bankruptcy Estate's distribution in accordance with this Settlement,  and the proposed and estimated Waterfall attached to the Stipulation as **Exhibit "A"**.

---

[2] The Florida Bankruptcy Court has already entered the *Order Granting Agreed Ex Parte Motion to Abate All Deadlines Pending Execution and Court Approval of Settlement Agreement*, dated August 14, 2025, and entered on August 15, 2025 in the YH Lex Adversary Proceeding, Adv. Pro. No. 19.

6

20.     Once the Florida Approval Order and the Delaware Approval Order become Final Orders, Trustee Angueira and the Bankruptcy Estate shall be deemed to automatically and without any further action fully and forever release the Debtor, her children, parents, siblings, heirs, assigns, executors, administrators, trusts, affiliated entities, and any entities in which she or her family holds or held a direct or indirect interest (together, the "Debtor Released Parties")[3] from any and all claims, obligations, demands, and causes of action belonging to, or that may have been asserted by, the Bankruptcy Estate.

21.     Once the Florida Approval Order and the Delaware Approval Order become Final Orders, Trustee Miller and YH Lex shall each be deemed to automatically and without any further action fully and forever release the Debtor Released Parties from any and all direct or indirect claims, obligations, demands, and causes of action, including but not limited to, any claims under 11 U.S.C. §§ 523 or 727, whether known or unknown, that they have or may have, including but not limited to any claims arising out of or relating to the Bartolacci Bankruptcy Case, the EAM Bankruptcy Case, and the chapter 7 bankruptcy case pending in the Delaware Bankruptcy Court titled *In re EZL 40 Meadow Lane LLC* and pending at case No. 22-10294 (the "EZL Bankruptcy Case").  Simultaneously, the Debtor Released Parties shall fully and forever release Trustee Miller, the bankruptcy estates of EAM 40 Meadow Lane LLC and EZL 40 Meadow Lane LLC, and YH Lex, and their respective predecessors in interest, successors, shareholders, members, directors, officers, employees, agents, attorneys and assigns, from any and all claims, obligations, demands, and causes of action, whether known or unknown, that they have or may have arising out of or relating to the Bartolacci Bankruptcy Case, the EAM Bankruptcy Case, and/or the EZL Bankruptcy Case.

---

[3] For the avoidance of doubt, the term "Debtor Released Parties," and the parties released pursuant to this paragraph, shall not include Nir Meir, and shall not include any of the defendants in adversary proceedings brought by Trustee

22. Notwithstanding anything to the contrary herein, the foregoing releases by the Debtor Release Parties and Trustee Angueira shall not include nor release in any way whatsoever Nir Meir, nor any potential target of a legal malpractice or any other claims, including but not limited to those targets identified in Debtor's Statement of Financial Affairs [ECF No. 23], nor shall the failure to object to any proofs of claims filed by such targets be considered preclusive in any way to future claims against them.

### LEGAL STANDARD FOR SETTLEMENT

23. Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."

24. "Approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co*.), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.),* 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co*., 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

25. Under the well-established standard for consideration of the merits of a settlement, a settlement should be approved unless it "falls below the 'lowest point in the range of reasonableness.'" *In re Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs*., 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co*.), 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

---

Miller in the EAM Bankruptcy Case and the EZL Bankruptcy Case aside from the Debtor and Ermitage One LLC.

26.     According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

> (a)     the probability of success in the litigation;
> (b)     the difficulties, if any, to be encountered in the matter of collection;
> (c)     the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
> (d)     the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*See Wallis v. Justice Oaks II, Ltd*. (*In re Justice Oaks II. Ltd*.), 898 F.2d 1544, 1549 (11th Cir. 1990).

**DISCUSSION OF THE LEGAL STANDARDS FOR APPROVAL OF SETTLEMENTS AS OUTLINED *IN RE Justice Oaks II, Ltd,* 898 F.2d 1522, 1549 (11th Cir.) *cert denied*, 498 U.S. 959 (1990)**
**Factor #1 "The probability of success in litigation"**

27.     The facts related to the Property are disputed. At this juncture the Trustee cannot state that there would be a high probability of success if he were to  liquidate the Property.

28.     The Trustee has minimized these litigation risks by proposing a Settlement of approximately $2,900,000.00, which is very close to the amount that would be at issue in the litigation, and is probably more than what the estate would net after taking into account the cost of litigation. The proposed Settlement eliminates all the potential risks of litigation.

**Factor #2 "The difficulties, if any, to be encountered in the matter of collection"**

29.     The Trustee argues that getting $2,900,000.00 in cleared funds is not a simple task. If the proposed settlement is not approved, the Trustee cannot provide any assurances to the unsecured creditor body that the estate will be able to collect $2,900,000.00 from the Debtor in cleared funds as contemplated by the Settlement. The proposed Settlement moots out any collection difficulties, due to the fact that the Deb has already made the Settlement Payment.

9

**Factor #3 "The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it"**

30.     The underlying facts in this case are in dispute. If the Settlement is not approved and the Bankruptcy Estate has to litigate against the Debtor, there would be substantial additional expenses, inconvenience and delay necessarily attending it. Therefore, the Trustee submits that the result would be further litigation and the additional expense, inconvenience and delay necessarily attending it.  The Trustee argues that it appears that there would be no monetary net gain to the creditors. Because even if the Trustee were to win any potential lawsuits, under the Settlement the estate will be getting very close to the amount that is at issue in this matter.

**Factor #4 "The paramount interest of the creditors and proper deference to their reasonable views in the premises"**

31.     The paramount interest of the creditors and proper deference to their reasonable views in the premises is a factor that must be considered by the Court. However, "[i]t is not the creditors' task to determine the fairness of a proposed settlement; it is the court's obligation to make that determination while making certain not to ignore their legitimate views or concerns." *In re Vazquez*, 325 B.R. 30, 36-37 (Bankr. S.D. Fla. 2005) (citing Connecticut Gen. Life Ins. Co. v. United Cos. Fin. Corp. (*In re Foster Mortgage Corp*.), 68 F.3d 914, 918 (5th Cir.1995)).

32.     "The chapter 7 trustee is required to reach an informed judgment, after diligent investigation, as to whether it would be prudent to eliminate the inherent risks, delays, and expense of prolonged litigation in an uncertain cause." *In re Vazquez* at 36 citing *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp*.), 212 F.3d 632 (1st Cir.2000).

33.     The proposed Settlement will bring approximately $2,900,000.00 into the Bankruptcy Estate. If the Settlement is not approved, the unsecured creditors could end up with substantially less of a distribution than they are scheduled to receive if the Settlement is

10

approved. Therefore, the Trustee argues that the paramount interest of the creditors would be best served if the Settlement is approved as requested.

34. The Trustee cannot guarantee a positive outcome from the litigation. The Trustee argues that it may take years to liquidate the Bankruptcy Estate's interest in the Property. If the Trustee embarks in a long campaign of litigation in this case, the creditors may end up with a smaller pool of funds to satisfy their claims. The Trustee, as a fiduciary of the Bankruptcy Estate, submits that he has given due deference to all the creditors in this case, and in his business judgment the Trustee believes that the settlement is in the best interest of the creditors and the estate.

35. For the Trustee to continue litigation in this case would involve expensive and burdensome discovery and additional motion practice. Once the substantial administrative costs related to the potentially costly and protracted litigation are taken into account a potential victory may not provide any value in excess of the proposed Settlement.

36. Because, among other things, the proposed Settlement: (a) avoids the expense and uncertainty of litigation (b) monetizes the Bankruptcy Estate's interest in the Property; and (c) avoids the expense and uncertainty of litigation the Trustee believes that the Settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the Settlement as fair and reasonable, and within the reasonable range of possible litigation outcomes. In addition, the Settlement minimizes administrative expenses to the Bankruptcy Estate, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

37. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit 2.

Case No.: 24-18942-RAM

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) granting this motion; (b) approving the stipulation to compromise controversy with the Debtor; (c) granting such other and further relief as this Court deems appropriate.

Respectfully submitted this 24th day of November, 2025.

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1st Avenue
Miami, Florida 33130
Tel. (305) 263-3328
e-mail yanay@rabankruptcy.com

By _____
YANAY GALBAN, ESQ
Florida Bar No. 0105146

12

Case No.: 24-18942-RAM

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 24th day of November, 2025, to all parties on the enclosed mailing matrix and the Internal Revenue Service as follows:

Internal Revenue Service
Attn: Hon. Jason A. Reding Quinones
U.S. Attorney Southern District of Florida
99 N.E. 4th Street
Miami, FL 33132

Internal Revenue Service
c/o Scott Bessent, Acting Commissioner
1111 Constitution Avenue, NW
Washington, DC 20224

Attorney General of U.S.
Hon. Pam Bondi
950 Pennsylvania Ave. NW
Washington, DC 20530

U.S. Attorney Southern District of Florida
Attn.: Civil Process Clerk
99 NE 4th Street
Miami, FL 33132

U.S. Attorney Southern District of Florida
c/o Raychelle Tasher, Esq.
99 NE 4th Street
Miami, FL 33132

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 24th day of November, 2025, to those parties registered to receive service via CM/ECF.

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1st Avenue
Miami, Florida 33130
Tel. (305) 263-3328
e-mail yanay@rabankruptcy.com

By _____
YANAY GALBAN, ESQ
Florida Bar No. 0105146

13

EXHIBIT
1

EXECUTION COPY

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                              CASE NO.: 24-18942-RAM

RANEE A. BARTOLACCI,                                CHAPTER 7

    Debtor.

_____/

### STIPULATION TO COMPROMISE CONTROVERSY

This Stipulation is entered into by and between: (i) Robert A. Angueira ("Trustee Angueira") solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Ranee A. Bartolacci (the "Bankruptcy Estate"); (ii) Ranee A. Bartolacci, the debtor (the "Debtor") in the above-captioned bankruptcy case (the "Bartolacci Bankruptcy Case"); (iii) George L. Miller solely in his capacity as the Chapter 7 Trustee ("Trustee Miller") for the bankruptcy estate of EAM 40 Meadow Lane LLC in the bankruptcy case styled *In re EAM 40 Meadow Lane LLC*, case No. 22-10293 (BLS) (the "EAM Bankruptcy Case"), pending in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"); and (iv) YH Lex Estates LLC ("YH Lex" and, together with Trustee Angueira, the Debtor, and Trustee Miller, the "Parties"), on this 19th day of August, 2025.

WHEREAS, on August 30, 2024 (the "Petition Date") the Debtor commenced the Bartolacci Bankruptcy Case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Florida Bankruptcy Court");

WHEREAS, Robert A. Angueira is the duly appointed and serving Chapter 7 Trustee in the Bartolacci Bankruptcy Case;

WHEREAS, the §341 Meeting of Creditors in the Bartolacci Bankruptcy Case was held and concluded on October 10, 2024 (the "§341 Meeting of Creditors");

WHEREAS, the Debtor voluntarily appeared for Rule 2004 examinations conducted by Trustee Angueira and YH Lex on January 13, 2025, which were continued at the request of Trustee Angueira and YH Lex, and which Trustee Angueira and YH Lex ultimately concluded on February 7, 2025 (collectively, the "Rule 2004 Examination"); neither the Trustee nor YH Lex filed any motion to compel testimony or related relief in connection with the examinations;

WHEREAS, on or about December 4, 2024, Trustee Angueira filed an *Ex Parte Motion for the Entry of an Order Authorizing the Trustee to sign an Amendment to Escrow Agreement and Necessary Closing Documents Effective as of December 4, 2024* [D.E. 44] (the "Motion") seeking the authority to execute the necessary documents to effectuate the sale of the 142 Commerce Drive Lot (as defined below), and seeking the authority to hold the proceeds from the sale of the 142 Commerce Drive Lot (as defined below), in the amount of $253,814.49 (the "Sale Proceeds");

WHEREAS, on or about December 9, 2024, the Florida Bankruptcy Court entered an *Order Granting Trustee's Ex Parte Motion for the Entry of an Order Authorizing the Trustee to Sign an Amendment to Escrow Agreement and Necessary Closing Documents Effective as of December 4, 2024* [D.E. 52];

WHEREAS, on December 9, 2024, Trustee Miller filed an adversary *Complaint for Determination of Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A)* against the Debtor in the Florida Bankruptcy Court, thereby commencing the adversary proceeding titled *Miller v. Ranee A. Bartolacci*, which is pending at Adv. Pro. No. 24-01485-RAM (the "Trustee Miller Adversary Proceeding");

2

WHEREAS, on April 8, 2025, YH Lex filed an adversary *Complaint Seeking Entry of a Judgment Declaring the Debtor's Obligation to be Nondischargeable Pursuant to 11 U.S.C. § 523(A) and Denying the Debtor's Discharge Pursuant to 11 U.S.C. § 727 (a)* against the Debtor in the Florida Bankruptcy Court, thereby commencing the adversary proceeding titled *YH Lex Estates LLC v. Ranee A. Bartolacci*, which is pending at Adv. Pro. No. 25-01116-RAM, (the "YH Lex Adversary Proceeding");

WHEREAS, on April 8, 2025, Creditor YH LEX Estates, LLC's filed an *Objection to the Debtor's Claimed Exemptions, Pursuant to 11 U.S.C. § 522 and Fed. R. Bankr. P. 4003(b)* [ECF No. 89];

WHEREAS, on August 6, 2025, Trustee Angueira filed an *Objection to YH Lex's Claim* in the Bartolacci Bankruptcy Case [D.E. No. 129] (the "Objection to Claim");

WHEREAS, the Internal Revenue Service filed Claim 7-1 in the Bartolacci Bankruptcy Case (the "IRS Claim") in the amount of $1,197,283.93, of which $187,231.63 was claimed as secured, $79,107.51 was claimed as priority, and $930,944.79 as a general unsecured claim;

WHEREAS, Trustee Angueira agrees that the IRS Claim is valid and therefore will pay the IRS $187,231.63, which is the entire amount listed as secured on the IRS Claim, and $79,107.51, which is the priority portion of the IRS Claim, as well as a pro-rata portion of the unsecured portion of the IRS Claim;

WHEREAS, on Amended Schedule A/B, Item #12 filed in the Florida Bankruptcy Case, the Debtor listed jewelry with an aggregate value of approximately $39,600.00, as determined by a third-party appraiser (the "Jewelry") and Trustee Angueira asserted the Bankruptcy Estate's interest in the Jewelry;

WHEREAS, on Amended Schedule A/B, Item #19, the Debtor listed her 19% ownership

3

interest in Bart 8 LP ("Bart 8") with an unknown value;

WHEREAS, the Debtor has produced documents to Trustee Angueira regarding the assets owned by Bart 8, and based on those documents Trustee Angueira asserts that the gross, pre-tax, unliquidated value of the Debtor's interest in Bart 8 was approximately $2,046,713.59 as of Petition Date;

WHEREAS, it may take years to liquidate the Bankruptcy Estate's interest in Bart 8;

WHEREAS, on Amended Schedule A/B, Item #19, the Debtor listed her 4.1667% ownership interest in Fairfield Development Associates, a Pennsylvania general partnership ("Fairfield") with an unknown value;

WHEREAS, it may take years to liquidate the Bankruptcy Estate's interest in Fairfield;

WHEREAS, as of the Petition Date, Fairfield owned three parcels of real property, described as follows:

    a.      142 Commerce Drive, Bethlehem and Lower Nazareth Townships, Northampton County, Pennsylvania (Parcel #L8 11A3-6 0418) (the "142 Commerce Drive Lot");

    b.      150 Commerce Drive, Bethlehem, Pennsylvania (Parcel #L8 11A3 0205); and

    c.      0.88-acre lot off Morgan Hill Road (Parcel #M9 11 11A 0836)

(Collectively the "Lots");

WHEREAS, Trustee Angueira has asserted that the Bankruptcy Estate may have certain causes of action against the Debtor, and Debtor's insiders and/or third parties for failure to explain certain pre-petition transfers and dissipation of assets, preferential or fraudulent transfers, regarding the disposition of the funds and the assets, and has asserted that the Bankruptcy Estate may also possess an interest in these transferred assets (collectively, the "Potential Fraudulent Transfer Claims");

4

WHEREAS, the Jewelry, the Debtor's ownership interest in Bart 8, the Debtor's ownership interest in Fairfield, and the Potential Fraudulent Transfer Claims shall be collectively referred to as the "Property";

WHEREAS, based on the testimony during the §341 Meeting of Creditors, the testimony during the Rule 2004 Examination, a review of the documents provided to Trustee Angueira, and other relevant information, Trustee Angueira asserts that a portion of the Property may be undervalued and may exceed the value of the allowed exemptions;

WHEREAS, the Debtor denies and/or disputes some of the allegations and alleged claims noted above;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the Parties desire to settle the above-referenced matters, and related matters between them; and

WHEREAS, the Parties desire to set forth herein the terms and conditions of their settlement (the "Settlement");

NOW, THEREFORE, in consideration of the mutual promises of the Parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, and subject to the approval of the Florida Bankruptcy Court and the Delaware Bankruptcy Court, the Parties agree to the following Settlement:

1. The Debtor has paid Trustee Angueira $2,900,000.00 in cleared funds (the "Settlement Payment") which is being held in trust in the Robert A. Angueira, P.A. IOLTA bank account pending the: (i) the Florida Bankruptcy Court's entry of an order approving this Stipulation which is a Final Order (the "Florida Approval Order") and (ii) the Delaware Bankruptcy Court's entry of an order approving this Stipulation which is a Final Order (the "Delaware Approval Order"). For purposes of this Stipulation, "Final Order" means an order or

5

judgment that has not been reversed, stayed, modified or amended, and as to which the time to file an appeal, motion for reconsideration or rehearing, or request for a stay has expired with no appeal, motion for reconsideration or rehearing, or request for a stay having been timely filed.

2.    Pursuant to this Stipulation, Trustee Angueira is selling, and the Debtor is purchasing, all of the Bankruptcy Estate's right, title, and interest in and to all assets of the Bankruptcy Estate except for the Bankruptcy Estate Funds (the "Transferred Assets"), including: (i) All legal and equitable claims, causes of action, and choses in action; (ii) All tangible and intangible non-cash and non-cash-equivalent assets; and (iii) Any residual rights or interests in scheduled non-cash and non-cash-equivalent property of the Bankruptcy Estate.  The Debtor agrees and acknowledges that the sale of the Transferred Assets is "AS-IS, WHERE-IS," with no representations or warranties of any type being given by Trustee Angueira or his professionals. All the Parties to this Stipulation agree that Trustee Angueira will distribute the Settlement Payment, Sale Proceeds and all other funds in the Bankruptcy Estate (collectively, the "Bankruptcy Estate Funds") as part of the overall distribution in the Bartolacci Bankruptcy Case in accordance with the proposed and estimated distribution waterfall attached to this Stipulation as **Exhibit "A"** (the "Waterfall").  The Waterfall is included for purposes of illustrating the manner in which the Bankruptcy Estate Funds will be distributed and is not a representation as to the amount that may ultimately be distributed. The Bankruptcy Estate Funds will be distributed pursuant to the Bankruptcy Code, the distribution proposed in the Waterfall is an estimate and is subject to change based on the actual administrative fees and expenses as allowed by the Court. In addition, based on the facts and circumstances in the Bartolacci Bankruptcy Case and the information provided by the Debtor, the Debtor's tax basis in the 142 Commerce Drive Lot is equal to or higher than the amount the Bankruptcy Estate received.  The position of Trustee

6

Angueira is that there is no income tax impact to the Bankruptcy Estate based on the 142 Commerce Drive Lot.

3.      As it relates to the Bankruptcy Estate, the Settlement Payment in the amount of $2,900,000.00 will be allocated for tax purposes as follows:

        i.      $2,900,000.00 attributable to any and all causes of action Trustee Angueira could bring against the Debtor, Bart 8, Fairfield and Debtor's insiders.

4.      The portion of the Bankruptcy Estate Funds distributable to Trustee Miller and YH Lex as set forth in the attached proposed and estimated Waterfall shall be paid by Trustee Angueira to each of them as follows: 50% to Trustee Miller and 50% to YH Lex.  In exchange for receipt of their respective portions of the Bankruptcy Estate Funds, Trustee Miller and YH Lex are each granting releases to the Debtor as provided herein.

5.      Since Trustee Angueira is paying 100% of the secured and priority portions of the IRS Claim, the Debtor is purchasing the Transferred Assets free of any liens that the IRS may claim on any of the Transferred Assets.  The IRS will be given notice of this Settlement in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure.  The position of Trustee Angueira is that this will give the IRS an opportunity to assert any and all claims it may have against the Bankruptcy Estate and the Debtor concerning this settlement. The Order approving this Stipulation and settlement must provide that the Debtor is deemed a good-faith purchaser of the Transferred Assets and that the Debtor is purchasing the Transferred Assets free of any liens and claims that have been filed against the Bankruptcy Estate, or any liens and claims of such parties.

6.      As part of this Settlement, the Debtor agrees that Trustee Angueira may file an

7

Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge[1] to ensure that the Florida Approval Order and the Delaware Approval Order become final orders as defined herein.

7.      This Settlement does not affect or change in any way the Court's *Order* [D.E. 52] which authorizes Trustee Angueira to hold the Sale Proceeds, provided; however, that upon entry of the Florida Approval Order (as defined herein) Trustee Angueira shall be authorized to make payment of the Sale Proceeds as part of the Bankruptcy Estate's distribution in accordance with this Settlement, and the proposed and estimated Waterfall set forth on **Exhibit "A"**.

8.      Once the Florida Approval Order and the Delaware Approval Order become Final Orders, Trustee Angueira and the Bankruptcy Estate shall be deemed to automatically and without any further action fully and forever release the Debtor, her children, parents, siblings, heirs, assigns, executors, administrators, trusts, affiliated entities, and any entities in which she or her family holds or held a direct or indirect interest (together, the "Debtor Released Parties")[2] from any and all claims, obligations, demands, and causes of action belonging to, or that may have been asserted by, the Bankruptcy Estate.

9.      Once the Florida Approval Order and the Delaware Approval Order become Final Orders, Trustee Miller and YH Lex shall each be deemed to automatically and without any further action fully and forever release the Debtor Released Parties from any and all direct or indirect claims, obligations, demands, and causes of action, including but not limited to, any claims under 11 U.S.C. §§ 523 or 727, whether known or unknown, that they have or may have,

---

[1] The Florida Bankruptcy Court has already entered the *Order Granting Agreed Ex Parte Motion to Abate All Deadlines Pending Execution and Court Approval of Settlement Agreement*, dated August 14, 2025, and entered on August 15, 2025 in the YH Lex Adversary Proceeding, Adv. Pro. No. 19.

[2] For the avoidance of doubt, the term "Debtor Released Parties," and the parties released pursuant to this paragraph, shall not include Nir Meir, and shall not include any of the defendants in adversary proceedings brought by Trustee Miller in the EAM Bankruptcy Case and the EZL Bankruptcy Case aside from the Debtor and Ermitage One LLC.

8

including but not limited to any claims arising out of or relating to the Bartolacci Bankruptcy Case, the EAM Bankruptcy Case, and the chapter 7 bankruptcy case pending in the Delaware Bankruptcy Court titled *In re EZL 40 Meadow Lane LLC* and pending at case No. 22-10294 (the "EZL Bankruptcy Case").  Simultaneously, the Debtor Released Parties shall fully and forever release Trustee Miller, the bankruptcy estates of EAM 40 Meadow Lane LLC and EZL 40 Meadow Lane LLC, and YH Lex, and their respective predecessors in interest, successors, shareholders, members, directors, officers, employees, agents, attorneys and assigns, from any and all claims, obligations, demands, and causes of action, whether known or unknown, that they have or may have arising out of or relating to the Bartolacci Bankruptcy Case, the EAM Bankruptcy Case, and/or the EZL Bankruptcy Case.

10.     Notwithstanding anything to the contrary herein, the foregoing releases by the Debtor Release Parties and Trustee Angueira shall not include nor release in any way whatsoever Nir Meir, nor any potential target of a legal malpractice or any other claims, including but not limited to those targets identified in Debtor's Statement of Financial Affairs [ECF No. 23], nor shall the failure to object to any proofs of claims filed by such targets be considered preclusive in any way to future claims against them.

11.     Within three (3) business days of the Florida Approval Order and the Delaware Approval Order becoming Final Orders, Trustee Miller shall file a Stipulation of Dismissal with Prejudice of the Trustee Miller Adversary Proceeding, a copy of which is annexed hereto as **Exhibit "B"** (the "Trustee Miller Stipulation of Dismissal").  For the avoidance of doubt, both the Debtor and Trustee Miller shall execute the attached version of the Trustee Miller Stipulation of Dismissal with Prejudice, which Trustee Miller shall hold in escrow pending the Florida Approval Order and the Delaware Approval Order becoming Final Orders.  Additionally, the

9

adversary proceeding commenced by Trustee Miller pending in the Delaware Bankruptcy Court at Adv. Proc. No. 24-50034 titled *Miller v. Ermitage One LLC and Ranee A. Bartolacci* (the "Ermitage Adversary Proceeding"), shall be dismissed with prejudice within three business days of the Florida Approval Order and the Delaware Approval Order becoming Final Orders, which shall be effectuated by Trustee Miller filing a copy of the Delaware Approval Order in the Ermitage Adversary Proceeding together with a Certification of Counsel confirming receipt by Trustee Miller of his respective portion of the distribution of the Bankruptcy Estate Funds, and a Stipulation of Dismissal with Prejudice, a copy of which is attached as **Exhibit "C."** Ermitage One LLC and the Debtor agree in consideration for Trustee Miller dismissing the Ermitage Adversary Proceeding, the Debtor Released Parties releases, and other good and valuable consideration provided for herein and acknowledged to have been received, that any indemnification claims and interests asserted by either of them in, to or against EAM 40 Meadow Lane LLC or EZL 40 Meadow Lane LLC by (a) proof of claims 5-1, 6-1, and 7-1 in the EAM Bankruptcy Case and (b) by proof of claims 2-1, 3-1, and 4-1 filed in the Bankruptcy Case styled *In re: EZL 40 Meadow Lane LLC*, Case No. 22-10294 (BLS) pending in the Delaware Bankruptcy Court (the "EZL Bankruptcy Case") are hereby transferred to Trustee Miller respectively in the EAM Bankruptcy Case and the EZL Bankruptcy Case, effective upon the Trustee Miller's completing each of his obligations under this Stipulation.

12. Within three (3) business days after the Florida Approval Order and the Delaware Approval Order become Final Orders, YH Lex shall file a Stipulation of Dismissal with Prejudice of the YH Lex Adversary Proceeding, a copy of which is annexed hereto as **Exhibit "D"** (the "YH Lex Stipulation of Dismissal"). For the avoidance of doubt, both the Debtor and YH Lex shall execute the attached version of the YH Lex Stipulation of Dismissal, which YH

10

Lex shall hold in escrow pending the receipt of its distribution of the Bankruptcy Estate Funds.

13.    YH Lex agrees to withdraw YH Lex's *Objection to the Debtor's Claimed Exemptions, Pursuant to 11 U.S.C. § 522 and Fed. R. Bankr.  P. 4003(b)* [D.E. No. 89] within three business days after the Florida Approval Order and the Delaware Approval Order become Final Orders.

14.    Trustee Angueira agrees to withdraw the Trustee's Objection to YH Lex's Claim within three business days after the Florida Approval Order and the Delaware Approval Order become Final Orders.

15.    As part of this Settlement, the Debtor represents and warrants that: (1) the answers in Debtor's Statement of Financial Affairs and the Summary and Schedules, as amended, are true and correct.  To the extent that the Debtor has intentionally failed to disclose any material assets in the Bartolacci Bankruptcy Case, this Stipulation shall not affect the Bankruptcy Estate's right to seek turnover of such assets or to avail itself of the remedies as and to the extent provided under the Bankruptcy Code.  For purposes of this Section, "material" shall mean a misrepresentation, omission, or misstatement that (i) was made knowingly and intentionally by the Debtor, and (ii) is of such significance that it would reasonably be expected to have affected the Parties' decision to enter into this Stipulation or the value of the consideration exchanged hereunder. An inadvertent, immaterial, or technical inaccuracy shall not constitute a material misrepresentation.

16.    If the Debtor complies with the payment obligations in paragraph 1, Trustee Angueira will not object to the Debtor's claimed exemptions.

17.    If the Debtor complies the payment obligations of paragraph 1, Trustee Angueira will not object to the Debtor's discharge pursuant to 11 U.S.C. § 727.

11

18.     If the Debtor complies with the payment obligations of paragraph 1, Trustee Angueira will not pursue any of the potential preference actions that may exist in the Bartolacci Bankruptcy Case.

19.     This Stipulation resolves all issues between, on the one hand, Trustee Angueira, Trustee Miller, and YH Lex, and, on the other hand, the Debtor regarding the Bartolacci Bankruptcy Case, the EAM Bankruptcy Case, and/or the EZL Bankruptcy Case.

20.     If either the Florida or the Delaware Court fail to approve this Stipulation and settlement in full, or the Debtor fails to timely make the Settlement Payment in accordance with this Stipulation, then: (a) this Stipulation shall automatically terminate and be deemed null and void; (b) all Parties shall be restored to their respective positions as if this Stipulation had never been executed, and the Trustee shall immediately return the Settlement Payment by wire or certified check; and (c) all pending claims, objections, adversary proceedings, and rights of the Parties shall be reinstated in full, without prejudice, including (without limitation) Trustee Angueira's objection to YH Lex's claim and Trustee Miller's proof of claim. This Stipulation represents the entire understanding and agreement between the Parties with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by all of the Parties.  A waiver by a Party of any breach of any provision of this Stipulation shall not be construed to be a waiver by any such Party of any succeeding breach of such provision or a waiver by such Party of any breach of any other provision.  Nothing provided in this paragraph affects or impacts paragraph 6 of this Stipulation as to the Bankruptcy Estate.

21.     All Parties are represented by counsel or have the opportunity to be represented by counsel and all Parties have had an opportunity to seek advice from counsel prior to executing this Stipulation.

22.     Time is of the essence as to all deadlines within this Stipulation.

23.     This Stipulation represents the full and complete understanding of the Parties.

24.     Trustee Angueira believes that this agreement is in the best interest of the Bankruptcy Estate.

25.     This Stipulation may be signed in counterparts.

26.     The Florida Bankruptcy Court will retain jurisdiction to enforce the terms of this Stipulation.

27.     Except as provided in paragraph 28 below, this Stipulation's effectiveness is subject to approval by both the Florida Bankruptcy Court and the Delaware Bankruptcy Court. Following the full execution of this Stipulation, Trustee Angueira shall immediately seek approval of this Stipulation by the Florida Bankruptcy Court, and Trustee Miller shall immediately seek approval of this Stipulation by the Delaware Bankruptcy Court. The Parties shall cooperate as may be reasonably necessary to obtain both approvals.

28.     In the event that either the Florida Bankruptcy Court or the Delaware Bankruptcy Court denies approval of this Stipulation on the merits, this Stipulation shall be null and void (with the exception of this paragraph).

[SIGNATURE PAGE FOLLOWS]

13

EXECUTION COPY
Case No.: 24-18942-RAM

RANEE A. BARTOLACCI

_____   11/4/25
RANEE A. BARTOLACCI                 DATE
DEBTOR

ROBERT A. ANGUEIRA, Chapter 7 Trustee

_____   11/21/25
ROBERT A. ANGUEIRA                 DATE
TRUSTEE

LUIS SALAZAR, ESQ.

_____   11/4/2025
LUIS SALAZAR                        DATE
DEBTOR'S ATTORNEY

GEORGE L. MILLER, Chapter 7 Trustee

_____   _____
GEORGE L. MILLER                    DATE
TRUSTEE for the bankruptcy estate
of EAM 40 Meadow Lane LLC

YH LEX ESTATES LLC

_____   _____
By:_____                  DATE
Its: _____

AGREED SOLELY WITH RESPECT TO
PARAGRAPH 11:

ERMITAGE ONE LLC

_____   11/4/25
By: RANEE A. BARTOLACCI             DATE
Its:   Sole Member and Manager

14

EXECUTION COPY
Case No.: 24-18942-RAM

**RANEE A. BARTOLACCI**

_____
RANEE A. BARTOLACCI            DATE
DEBTOR


**ROBERT A. ANGUEIRA, Chapter 7 Trustee**

_____
ROBERT A. ANGUEIRA            DATE
TRUSTEE


**LUIS SALAZAR, ESQ.**

_____
LUIS SALAZAR                  DATE
DEBTOR'S ATTORNEY


**GEORGE L. MILLER, Chapter 7 Trustee**

_____
GEORGE L. MILLER              DATE
TRUSTEE for the bankruptcy estate
of EAM 40 Meadow Lane LLC

**YH LEX ESTATES LLC**

By: Andrew W. Heymann            DATE
Its: Manager, Authorized Representative


AGREED SOLELY WITH RESPECT TO
PARAGRAPH 11:

**ERMITAGE ONE LLC**

_____
By:  RANEE A. BARTOLACCI        DATE
Its:  Sole Member and Manager

14

EXECUTION COPY

Case No.: 24-18942-RAM

**RANEE A. BARTOLACCI**

_____
RANEE A. BARTOLACCI       DATE
DEBTOR

**ROBERT A. ANGUEIRA, Chapter 7 Trustee**

_____
ROBERT A. ANGUEIRA       DATE
TRUSTEE

**LUIS SALAZAR, ESQ.**

_____
LUIS SALAZAR       DATE
DEBTOR'S ATTORNEY

**GEORGE L. MILLER, Chapter 7 Trustee**

_____ 11/6/2025
GEORGE L. MILLER       DATE
TRUSTEE for the bankruptcy estate
of EAM 40 Meadow Lane LLC

**YH LEX ESTATES LLC**

_____
By:_____       DATE
Its: _____

AGREED SOLELY WITH RESPECT TO
PARAGRAPH 11:

**ERMITAGE ONE LLC**

_____
By: RANEE A. BARTOLACCI       DATE
Its: Sole Member and Manager

14

**EXECUTION COPY**
Case No.: 24-18942-RAM

**EXHIBIT "A"**

PROPOSED AND ESTIMATED DISTRIBUTION WATERFALL OF BANKRUPTCY
ESTATE FUNDS

**EXHIBIT "A"**
**PROPOSED AND ESTIMATED DISTRIBUTION WATERFALL OF BANKRUPTCY ESTATE FUNDS**

**Estimated Estate Recoveries**

| | | |
|---|---|---|
| Sale Proceeds from 142 Commerce Drive Lot | | $253,814.49 |
| Settlement Payment | | $2,900,000.00 |
| | **TOTAL** | **$3,153,814.49** |

**Estimated Estate Distributions**

| Secured Claims | Claim # | Claim Amount | Estimated Distribution |
|---|---|---|---|
| IRS | 7 | $187,231.63 | $187,231.63 |
| Total | | $187,231.63 | $187,231.63 |
| Balance after Payment to Secured Creditors | | **$2,966,582.86** | |

| Administrative Claims | Claim # | Claim Amount | Estimated Distribution |
|---|---|---|---|
| Trustee | N/A | $200,000.00 | $200,000.00 |
| Total | | $200,000.00 | $200,000.00 |
| Balance after Payment to Administrative Creditors | | **$2,766,582.86** | |

| Priority Unsecured Claims | Claim # | Claim Amount | Estimated Distribution |
|---|---|---|---|
| IRS | 7 | $79,107.51 | $79,107.51 |
| Total | | $79,107.51 | $79,107.51 |
| Balance after Payment to Priority Unsecured Creditors | | **$2,687,475.35** | |

| General Unsecured Claims | Claim # | Claim Amount | Estimated Distribution |
|---|---|---|---|
| YH Lex Estates LLC* | 1 | $12,587,387.52 | $1,234,851.13 |
| George Miller as Chapter 7 Trustee of EAM 40 Meadow Lane LLC* | 2 | $12,787,387.52 | $1,254,471.58 |
| New York State Department of Taxation and Finance | 3 | $448,880.72 | $44,036.21 |
| American Express National Bank | 4 | $45,253.16 | $4,439.44 |
| American Express National Bank | 5 | $120,039.00 | $11,776.10 |
| GCE Belnord Corp.** | 6 | $63,000,000.00 | $0.00 |
| Internal Revenue Service | 7 | $930,944.79 | $91,327.79 |
| Quinn Emanuel Urquhart & Sullivan LLP | 8 | $129,316.01 | $12,686.19 |
| BSDT 11th Ave LLC** | 9 | $27,717,167.40 | $0.00 |
| Vincent Vaccarella PA | 10 | $163,358.65 | $16,025.85 |
| YK Law LLP | 11 | $182,065.77 | $17,861.06 |
| **TOTAL CLAIMS ASSERTED** | | **$118,111,800.54** | **$2,687,475.35** |
| **TOTAL ALLOWED CLAIMS** | | **$27,394,633.14** | |
| Estimated Distribution to GUCs | | 9.81% | |

\* Distribution determined pursuant to settlement agreement.

\*\* Represents claims that were disallowed by court order (See ECF No. 111).

**EXHIBIT "B"**

STIPULATION OF DISMISSAL WITH PREJUDICE

*George L. Miller v. Ranee A. Bartolacci*
Adv. Pro. No. 24-01485-RAM

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 24-18942-RAM |
| RANEE A. BARTOLACCI, | Chapter 7 |
| Debtor. | |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee for the bankruptcy estate of EAM 40 Meadow Lane LLC, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 24-01485-RAM |
| RANEE A. BARTOLACCI, | |
| Defendant. | |

**STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiff George L. Miller, the Chapter 7 trustee (the "Delaware Trustee") for the bankruptcy estate of debtor EAM 40 Meadow Lane LLC, in the bankruptcy case styled *In re EAM 40 Meadow Lane LLC*, case number 22-10293 (BLS), pending in the United States Bankruptcy Court for the District of Delaware, and defendant Ranee A. Bartolacci ("Defendant" or the "Debtor") (collectively, the "Parties"), by and through their respective counsel, pursuant to Federal Rule of Bankruptcy Procedure 7041 and Federal Rule of Civil Procedure 41(a)(1)(A)(ii), hereby stipulate and agree that the above-captioned adversary proceeding be dismissed with prejudice, and state as follows:

1.  On December 9, 2024, the Delaware Trustee filed his *Complaint For Determination Of Dischargeability Of Debt Pursuant To 11 U.S.C. § 523(a)(2)(A)*, thereby initiating the above-captioned adversary proceeding (the "Adversary Proceeding").

2.  The Parties have resolved the Delaware Trustee's claims asserted in the Adversary Proceeding pursuant to the terms of the *Stipulation to Compromise Controversy* dated _____, 2025 (the "Stipulation").

3.  Pursuant to the Stipulation, the Parties agree to the dismissal of this Adversary Proceeding with prejudice, with each Party to bear its own attorneys' fees and costs.

**DATED** this _____ day of _____, 2025.

COZEN O'CONNOR

By:  */s/*
    Nestor C. Bustamante, IV
    Southeast Financial Center
    200 South Biscayne Blvd, Suite 3000
    Miami, FL 33131
    Tel: (305) 397-0798
    nbustamante@cozen.com

    John T. Carroll, III (*admitted pro hac vice*)
    Simon E. Fraser (*admitted pro hac vice*)
    1201 North Market Street, Suite 1001
    Wilmington, DE  19801
    Tel: (302) 295-2000
    jcarroll@cozen.com
    sfraser@cozen.com

    Christina M. Sanfelippo
    (*admitted pro hac vice*)
    123 North Wacker Drive, Suite 1800
    Chicago, IL 60606
    Tel: (312) 382-3100
    csanfelippo@cozen.com

    *Counsel for George L. Miller,*
    *Delaware Trustee*

COLE SCHOTZ, P.C.

By:  */s/ Luis Salazar*
    Luis Salazar
    2121 SW 3rd Avenue, Suite 200
    Miami, FL 33129
    Tel: (305) 374-4848
    lsalazar@coleschotz.com

    *Counsel for Defendant*

2

**EXHIBIT "C"**

STIPULATION OF DISMISSAL WITH PREJUDICE

*George L. Miller v. Ermitage One LLC and Ranee A. Bartolacci*
Adv. Pro. No. 24-50034-BLS

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>EAM 40 MEADOW LANE LLC,<br><br>　　　　　　　　　　Debtor. | Case No. 22-10293 (BLS)<br><br>Chapter 7 |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee for the bankruptcy estate of EAM 40 Meadow Lane LLC,<br><br>　　　　　　　　　　Plaintiff,<br>　　　v.<br><br>ERMITAGE ONE LLC and RANEE A. BARTOLACCI,<br><br>　　　　　　　　　　Defendants. | Adv. Pro. No. 24-50034 (BLS) |

## STIPULATION OF DISMISSAL WITH PREJUDICE

George L. Miller, the Chapter 7 Trustee for the bankruptcy estate of EAM 40 Meadow Lane LLC (the "Plaintiff" or "Trustee"), and defendant Ranee A. Bartolacci ("Defendant") (collectively, the "Parties"), by and through their respective counsel, pursuant to Federal Rule of Bankruptcy Procedure 7041 and Federal Rule of Civil Procedure 41(a)(1)(A)(ii), hereby stipulate and agree that the above-captioned adversary proceeding be dismissed with prejudice, and state as follows:

1.　　On April 5, 2024, the Trustee initiated the above-captioned adversary proceeding (the "Adversary Proceeding") by filing the *Complaint* [Docket No. 1] against defendants Ermitage One LLC and Ranee A. Bartolacci.

LEGAL\81238787\1

2.     On August 30, 2024, the Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, thereby initiating the bankruptcy case styled *In re Ranee A. Bartolacci*, Case No. 24-18942-RAM.

3.     The Parties have resolved the Trustee's claims asserted in the Adversary Proceeding pursuant to the terms of the *Stipulation to Compromise Controversy* dated _____, 2025 (the "Stipulation").

4.     As provided for in the Stipulation, the Parties hereby file this Stipulation of Dismissal with Prejudice and agree to the dismissal of this Adversary Proceeding with prejudice, with each Party to bear its own attorneys' fees and costs.

**DATED** this \_\_\_\_ day of _____, 2025.

COZEN O'CONNOR

By:  /s/ _____
     John T. Carroll, III (DE No. 4060)
     Simon E. Fraser (DE No. 5335)
     1201 North Market Street
     Suite 1001
     Wilmington, DE  19801
     Tel: 302-295-2028
     jcarroll@cozen.com
     sfraser@cozen.com

     Christina M. Sanfelippo
     (*admitted pro hac vice*)
     123 North Wacker Drive, Suite 1800
     Chicago, IL 60606
     Tel: (312) 382-3100
     csanfelippo@cozen.com

     *Counsel for the Trustee*

RANEE A. BARTOLACCI

_____

ERMITAGE ONE LLC

_____
By: Ranee A. Bartolacci
Its: Sole Member and Manager

2

**EXECUTION COPY**
Case No.: 24-18942-RAM

**EXHIBIT "D"**

STIPULATION FOR DISMISSAL OF ADVERSARY PROCEEDING, WITH PREJUDICE

*YH Lex Estates LLC v. Ranee A. Bartolacci*
Adv. Pro. No. 25-01116-RAM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:                                                                    Case No.: 24-18942-RAM

RANEE A. BARTOLACCI,                                                      Chapter 7

      Debtor.
_____/

YH LEX ESTATES LLC,

      Plaintiff,                                                       Adv. Pro. No.: 25-01116- RAM

vs

RANEE A. BARTOLACCI,

      Defendant.
_____/

## STIPULATION FOR DISMISSAL OF ADVERSARY PROCEEDING, WITH PREJUDICE

Plaintiff, YH Lex Estates LLC and Defendant, Ranee A. Bartolacci (the "Defendant", and, together with the Plaintiff, collectively, the "Parties"), by and through their respective counsel, hereby stipulate to the dismissal of this adversary proceeding, and state as follows:

1.      On April 8, 2025, Plaintiff filed a *Complaint of Plaintiff/Creditor YH Lex Estates LLC Seeking Entry of a Judgment Declaring the Debtor's Obligation to be Nondischargeable Pursuant to 11 U.S.C. § 523(a) and Denying the Debtor's Discharge Pursuant to 11 U.S.C. § 727(a)* (the "Complaint") against the Defendant, thereby commencing this adversary proceeding (the "Adversary Proceeding"). The Complaint sought to deny the Debtor's discharge under 11 U.S.C. § 727(a) and to declare certain debts nondischargeable under 11 U.S.C. § 523(a), relating to a judgment in excess of $12 million owed to Plaintiff.

35336381-1

2

2.      The Parties have resolved the Adversary Proceeding and Plaintiff's objections to the Debtor's claimed exemptions [Main Case ECF No. 89] pursuant to the terms of the *Stipulation to Compromise Controversy* dated _____, 2025 (the "Stipulation").

3.      Pursuant to the Stipulation, the Parties agree to the dismissal of this Adversary Proceeding with prejudice, with each Party to bear its own attorneys' fees and costs.

**DATED** this ____ day of September, 2025.

| | |
|---|---|
| BERGER SINGERMAN<br>*Attorney for Plaintiff*<br>1450 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>Tel. (305) 755-9500 | COLE SCHOTZ, P.C.<br>*Attorney for Defendant*<br>2121 SW 3rd Avenue, Suite 200<br>Miami, FL 33129<br>Tel. (305) 374-4848 |
| By: */s/ Jordi Guso*<br>   Jordi Guso<br>   Florida Bar No. 863580<br>   jguso@bergersingerman.com | By: /s/ *Luis Salazar*<br>   Luis Salazar<br>   Florida Bar No. 147788<br>   lsalazar@coleschotz.com |

-and-

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS LLP
200 West 41st Street, 17th Floor
New York, New York 10036
Tel: (212) 972-3000

By: */s/ Jordi Guso*
   Jordi Guso
   Florida Bar No. 863580
   jguso@bergersingerman.com

2

35336381-1

```
┌──────────┐
│ EXHIBIT  │
│    2     │
└──────────┘
```

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                              :        CASE NO.: 24-18942-CLC
                                                    :
RANEE A. BARTOLACCI,                                :        CHAPTER 7
                                                    :
        Debtor.                                     :
_____ /

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE
STIPULATION TO COMPROMISE CONTROVERSY**

THIS MATTER came to the Court on the Chapter 7 Trustee's Motion to Approve

Stipulation to Compromise Controversy [ECF No.___] (the "*Motion*").  The Motion has been

served on all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy

Procedure and the Local Rules of this Court (on Negative Notice).  By submitting this form of

order, and the Trustee having represented that the Motion was served on all parties required by

Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one

has filed, or served on the movant, a response to the Motion, and that the form of order was

attached as an exhibit to the Motion, and the Court, having reviewed the file, the Motion and

record herein, good cause having been shown, and being otherwise duly advised in the premises,

does hereby

**ORDERED AND ADJUDGED** that:

1.      The Motion is **GRANTED** and the Settlement is **APPROVED** on the terms and conditions set forth in the Motion and the Stipulation to Compromise Controversy attached as Exhibit "1" to the Motion (the "Stipulation" or "Settlement").[1]

2.      The Stipulation, a copy of which was attached as Exhibit 1 to the Motion, is approved in its entirety.

3.      The Parties are **AUTHORIZED** and **DIRECTED** to take any actions necessary to effectuate the terms of the Settlement.

1.      The Debtor has paid Trustee Angueira $2,900,000.00 in cleared funds (the "Settlement Payment")which is being held in trust in the Robert A. Angueira, P.A. IOLTA bank account pending the: (i) the Florida Bankruptcy Court's entry of an order approving this Stipulation which is a Final Order (the "Florida Approval Order") and (ii) the Delaware Bankruptcy Court's entry of an order approving the Stipulation which is a Final Order (the "Delaware Approval Order").  For purposes of the Stipulation, "Final Order" means an order or judgment that has not been reversed, stayed, modified or amended, and as to which the time to file an appeal, motion for reconsideration or rehearing, or request for a stay has expired with no appeal, motion for reconsideration or rehearing, or request for a stay having been timely filed.

2.      Pursuant to the Stipulation, Trustee Angueira is selling, and the Debtor is purchasing, all of the Bankruptcy Estate's right, title, and interest in and to all assets of the Bankruptcy Estate except for the Bankruptcy Estate Funds (the "Transferred Assets"), including: (i) All legal and equitable claims, causes of action, and choses in action; (ii) All tangible and

---

[1] All capitalized terms not otherwise defined in this Motion shall have the meaning ascribed to them in the Stipulation.

intangible non-cash and non-cash-equivalent assets; and (iii) Any residual rights or interests in scheduled non-cash and non-cash-equivalent property of the Bankruptcy Estate. The Debtor agrees and acknowledges that the sale of the Transferred Assets is "AS-IS, WHERE-IS," with no representations or warranties of any type being given by Trustee Angueira or his professionals. All the Parties to the Stipulation agree that Trustee Angueira will distribute the Settlement Payment, Sale Proceeds and all other funds in the Bankruptcy Estate (collectively, the "Bankruptcy Estate Funds") as part of the overall distribution in the Bartolacci Bankruptcy Case in accordance with the proposed and estimated distribution waterfall attached to the Stipulation as Exhibit "A" (the "Waterfall"). The Waterfall is included for purposes of illustrating the manner in which the Bankruptcy Estate Funds will be distributed, and is not a representation as to the amount that may ultimately be distributed. The Bankruptcy Estate Funds will be distributed pursuant to the Bankruptcy Code, the distribution proposed in the Waterfall is an estimate and is subject to change based on the actual administrative fees and expenses as allowed by the Court. In addition, based on the facts and circumstances in the Bartolacci Bankruptcy Case and the information provided by the Debtor, the Debtor's tax basis in the 142 Commerce Drive Lot is equal to or higher than the amount the Bankruptcy Estate received. The position of Trustee Angueira is that there is no income tax impact to the Bankruptcy Estate based on the 142 Commerce Drive Lot.

3.     The portion of the Bankruptcy Estate Funds distributable to Trustee Miller and YH Lex as set forth in the attached proposed and estimated Waterfall shall be paid by Trustee Angueira to each of them as follows: 50% to Trustee Miller and 50% to YH Lex. In exchange for receipt of their respective portions of the Bankruptcy Estate Funds, Trustee Miller and YH Lex are each granting releases to the Debtor as provided in the Stipulation.

3

4.      Since Trustee Angueira is paying 100% of the secured and priority portions of the IRS Claim, the Debtor is purchasing the Transferred Assets free of any liens that the IRS may claim on any of the Transferred Assets.  The IRS has been given notice of the Settlement in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure. The IRS has had an opportunity to assert any and all claims it may have had against the Bankruptcy Estate and the Debtor concerning the Settlement. The Debtor is deemed a good-faith purchaser of the Transferred Assets and that the Debtor is purchasing the Transferred Assets free of any liens and claims that have been filed against the Bankruptcy Estate, or any liens and claims of such parties.

5.      As part of the Settlement, the Debtor has agreed that Trustee Angueira may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge[2] to ensure that the Florida Approval Order and the Delaware Approval Order become final orders as defined in the Settlement.

6.      The Settlement does not affect or change in any way the Court's *Order* [D.E. 52] which authorizes Trustee Angueira to hold the Sale Proceeds, provided; however, that upon entry of the Florida Approval Order Trustee Angueira shall be authorized to make payment of the Sale Proceeds as part of the Bankruptcy Estate's distribution in accordance with the Settlement,  and the proposed and estimated Waterfall attached to the Stipulation as Exhibit "A".

7.      Once the Florida Approval Order and the Delaware Approval Order become Final Orders, Trustee Angueira and the Bankruptcy Estate shall fully and forever release the Debtor, her children, parents, siblings, heirs, assigns, executors, administrators, trusts, affiliated entities, and any entities in which she or her family holds or held a direct or indirect interest (together, the

---

[2] The Florida Bankruptcy Court has already entered the *Order Granting Agreed Ex Parte Motion to Abate All Deadlines Pending Execution and Court Approval of Settlement Agreement*, dated August 14, 2025, and entered on August 15, 2025 in the YH Lex Adversary Proceeding, Adv. Pro. No. 19.

"Debtor Released Parties")[3] from any and all claims, obligations, demands, and causes of action belonging to, or that may have been asserted by, the Bankruptcy Estate.

8.     Once the Florida Approval Order and the Delaware Approval Order become Final Orders, Trustee Miller and YH Lex shall each fully and forever release the Debtor Released Parties from any and all direct claims, obligations, demands, and causes of action, including but not limited to, any claims under 11 U.S.C. §§ 523 or 727, whether known or unknown, that they have or may have, including but not limited to any claims arising out of or relating to the Bartolacci Bankruptcy Case, the EAM Bankruptcy Case, and the chapter 7 bankruptcy case pending in the Delaware Bankruptcy Court titled In re EZL 40 Meadow Lane LLC and pending at case No. 22-10294 (the "EZL Bankruptcy Case").   Simultaneously, the Debtor Released Parties shall fully and forever release Trustee Miller, the bankruptcy estates of EAM 40 Meadow Lane LLC and EZL 40 Meadow Lane LLC, and YH Lex, and their respective predecessors in interest, successors, shareholders, members, directors, officers, employees, agents, attorneys and assigns, from any and all claims, obligations, demands, and causes of action, whether known or unknown, that they have or may have arising out of or relating to the Bartolacci Bankruptcy Case, the EAM Bankruptcy Case, and/or the EZL Bankruptcy Case.

9.     Notwithstanding anything to the contrary herein, the foregoing releases by the Debtor Release Parties and Trustee Angueira shall not include nor release in any way whatsoever Nir Meir, nor any potential target of a legal malpractice or other claims claim, including but not limited to those targets identified in Debtor's Statement of Financial Affairs [ECF No. 23], nor shall the failure to object to any proofs of claims filed by such targets be considered preclusive in

---

[3] For the avoidance of doubt, the term "Debtor Released Parties," and the parties released pursuant to this paragraph, shall not include Nir Meir, and shall not include any of the defendants in adversary proceedings brought by Trustee Miller in the EAM Bankruptcy Case and the EZL Bankruptcy Case aside from the Debtor and Ermitage One LLC.

5

any way to future claims against them.

10. Within three (3) business days of the Florida Approval Order and the Delaware Approval Order becoming Final Orders, Trustee Miller shall file a Stipulation of Dismissal with Prejudice of the Trustee Miller Adversary Proceeding, a copy of which is attached to the Stipulation as Exhibit "B" (the "Trustee Miller Stipulation of Dismissal"). For the avoidance of doubt, both the Debtor and Trustee Miller shall execute the attached version of the Trustee Miller Stipulation of Dismissal with Prejudice, which Trustee Miller shall hold in escrow pending the Florida Approval Order and the Delaware Approval Order becoming Final Orders. Additionally, the adversary proceeding commenced by Trustee Miller pending in the Delaware Bankruptcy Court at Adv. Proc. No. 24-50034 titled Miller v. Ermitage One LLC and Ranee A. Bartolacci (the "Ermitage Adversary Proceeding"), shall be dismissed with prejudice within three business days of the Florida Approval Order and the Delaware Approval Order becoming Final Orders, which shall be effectuated by Trustee Miller filing a copy of the Delaware Approval Order in the Ermitage Adversary Proceeding together with a Certification of Counsel confirming receipt by Trustee Miller of his respective portion of the distribution of the Bankruptcy Estate Funds, and a Stipulation of Dismissal with Prejudice, a copy of which is attached to the Stipulation as Exhibit "C." Ermitage One LLC and the Debtor agree in consideration for Trustee Miller dismissing the Ermitage Adversary Proceeding, the Debtor Released Parties releases, and other good and valuable consideration provided for herein and acknowledged to have been received, that any [indemnification] claims and interests asserted by either of them in, to or against EAM 40 Meadow Lane LLC or EZL 40 Meadow Lane LLC by (a) proof of claims 5-1, 6-1, and 7-1 in the EAM Bankruptcy Case and (b) by proof of claims 2-1, 3-1, and 4-1 filed in the the Bankruptcy Case styled In re: EZL 40 Meadow Lane LLC, Case No. 22-10294 (BLS) pending in the

6

Delaware Bankruptcy Court (the "EZL Bankruptcy Case") are hereby transferred to Trustee Miller respectively in the EAM Bankruptcy Case and the EZL Bankruptcy Case, effective upon the Trustee Miller's completing each of his obligations under the Stipulation.

11.     Within three (3) business days after the Florida Approval Order and the Delaware Approval Order become Final Orders, YH Lex shall file a Stipulation of Dismissal with Prejudice of the YH Lex Adversary Proceeding, a copy of which is attached to the Stipulation as Exhibit "C" (the "YH Lex Stipulation of Dismissal").   For the avoidance of doubt, both the Debtor and YH Lex shall execute the attached version of the YH Lex Stipulation of Dismissal, which YH Lex shall hold in escrow pending the receipt of its distribution of the Bankruptcy Estate Funds.

12.     YH Lex agrees to withdraw YH Lex's *Objection to the Debtor's Claimed Exemptions, Pursuant to 11 U.S.C. § 522 and Fed. R. Bankr. P. 4003(b)* [D.E. No. 89] within three business days after the Florida Approval Order and the Delaware Approval Order become Final Orders.

13.     Trustee Angueira agrees to withdraw the Trustee's Objection to YH Lex's Claim within three business days after the Florida Approval Order and the Delaware Approval Order become Final Orders.

14.     As part of the Settlement, the Debtor represents and warrants that: (1) the answers in Debtor's Statement of Financial Affairs and the Summary and Schedules, as amended, are true and correct. To the extent that the Debtor has intentionally failed to disclose any material assets in the Bartolacci Bankruptcy Case, the Stipulation shall not affect the Bankruptcy Estate's right to seek turnover of such assets or to avail itself of the remedies as and to the extent provided under the Bankruptcy Code.   For purposes of this Section, "material" shall mean a

7

misrepresentation, omission, or misstatement that (i) was made knowingly and intentionally by the Debtor, and (ii) is of such significance that it would reasonably be expected to have affected the Parties' decision to enter into the Stipulation or the value of the consideration exchanged hereunder. An inadvertent, immaterial, or technical inaccuracy shall not constitute a material misrepresentation.

15.    The Stipulation resolves all issues between, on the one hand, Trustee Angueira, Trustee Miller, and YH Lex, and, on the other hand, the Debtor regarding the Bartolacci Bankruptcy Case, the EAM Bankruptcy Case, and/or the EZL Bankruptcy Case.

16.    As it relates to the Bankruptcy Estate, the Settlement Payment in the amount of $3,153,814.49 will be allocated for tax purposes as follows:

- $2,900,000.00 attributable to any and all causes of action Trustee Angueira could bring against the Debtor, Bart 8, Fairfield and Debtor's insiders, and

- $253,814.49 attributable to the sale of the 142 Commerce Drive Lot.

17.    The Court retains jurisdiction to enforce the terms of the Settlement.

###

Submitted by

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1st Avenue
Miami, FL 33130
Tel. 305-263-3328
e-mail: yanay@rabankruptcy.com

Copies furnished to:
Yanay Galban, Esq.

*(Attorney Yanay Galban is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service)*

8

Case 24-18942-RAM

88 Lex 501, Inc.
c/o Joel Braziller, Esq
277 Broadway, #400
New York, NY 10007-2035

YH Lex Estates, LLC
Berger Singerman LLP
c/o Jordi Guso, Esq.
1450 Brickell Avenue, Suite 1900
Miami, FL 33131-5319

76 Eleventh Avenue Property Owner, LLC
251 Little Falls Drive
Wilmington, DE 19808-1674

Advantage Title Company
245 Park Avenue
New York, NY 10167-0002

Adam Feldman
600 Madison Avenue
New York, NY 10022-1615

Advantage Title Agency, Inc.
201 Old Country Road
Melville, NY 11747-2731

American Express
PO Box 981537
El Paso, TX 79998-1537

AmTrust Title Insurance Co.
59 Maiden Lane, 43rd Floor
New York, NY 10038-4502

American Express
Attn: Correspondence/Bankruptcy
PO Box 981535
El Paso, TX 79998-1535

Apple Card with Goldman Sachs
Lockbox 6112
Philadelphia, PA 19170-0001

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Anthony B. Tufariello
Kathleen Tufariello
2401 Spanish River Road
Boca Raton, FL 33432-8564

Astor Ben Sasha LLC
18 East 48th Street #702
New York, NY 10017-1050

Apple Card/GS Bank USA
Attn: Bankruptcy
Goldman Sachs Bank USA
PO Box 70379
Philadelphia, PA 19176-0379

Arel Capital Partners II LLC
540 Madison Avenue
New York, NY 10022-3213

Avishai Abrahami
c/o Michael E. Sims, Esq.
Zeichner Ellman & Krause LLP
730 Third Avenue
New York, NY 10017-3206

Atlantic Specialty Insurance Company
605 Highway 169 North, Suite 800
Plymouth, MN 55441-6533

Avishai Abrahami
Tel-Aviv, ISRAEL

BSDT 2012 LLC
1114 Avenue of the Americas
New York, NY 10036-7703

Avishai Abrahami
c/o Zeichner Ellman & Krause LLP
28 HaArba'a Street
HaArba'a Towers-North Tower,34th Fl
Tel Aviv, ISRAEL, 6473925

BSDT 11th Ave LLC
Attn: Zvi Hahn as trustee
c/o United Corporate Services
800 North State Street, #304
Dover, DE 19901-3925

Bart 8, LP
3864 Courtney Street,#140
Bethlehem, PA 18017-8987

Bankruptcy Estate of Nir Meir
c/o Drew M. Dillworth
as Chapter 7 Trustee
2200 Museum Tower 1
Miami, FL 33130

Barclays Bank Delaware
125 South West Street
Wilmington, DE 19801-5014

Board of Managers of 11 Beach St Condo
11 Beach Street
New York, NY 10013-2429

Benny Shabtai
200 East 69th Street PH E
New York, NY 10021-5747

Board of Directors of Chatsworth Realty
575 Fifth Avenue, 10th Floor
New York, NY 10017-2422

Board of Managers of 235 West 75th St
600 Madison Avenue, 15th Floor
New York, NY 10022-1761

CF HFZ BNYZ, LLC
600 Madison Avenue 15th Floor
New York, NY 10022-1761

CF HFZ, LLC
600 Madison Avenue 15th Floor
New York, NY 10022-1761

ConnectOne Bank
301 Sylvan Avenue
Englewood Cliffs, NJ 07632-2539

Cywiak and Company LLP
c/o Aaron Cywiak, Managing Partner
19 W 44th Street, Suite 510
New York, NY 10036-5900

Davidoff Hutcher & Citron
Attn: Jonathan Pasternak, Esq.
605 Third Avenue
New York, NY 10158-3499

Delaware Secretary of State
Division of Corporations
Franchise Tax Division
P.O. Box 898
Dover, DE 19903-0898

Delaware State Treasury
820 Silver Lake Boulevard, Suite 100
Dover, DE 19904-2464

Dhruv Piplani
246 Spring Street, Suite 3510
New York, NY 10013-1521

Double J Bryant Park 25 LLC
c/o Paykin Krieg & Adams LLP
2500 Westchester Avenue Suite 107
Purchase, NY 10577-2515

Double J Bryant Park 27 LLC
c/o Paykin Krieg & Adams LLP
2500 Westchester Avenue Suite 107
Purchase, NY 10577-2515

EAM 40 Meadow Lane LLC
600 Madison Avenue 15th Floor
New York, NY 10022-1761

EAM 40 Meadow Lane LLC
c/o Corporation Trust Company, as Reg. A
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801-1196

EZL 40 Meadow Lane LLC
600 Madison Avenue 15th Floor
New York, NY 10022-1761

EZL 40 Meadow Lane LLC
c/o Matthew P. Ward, Esq.
Womble Bond Dickinson (us) LLP
1313 North Market Street, Suite 1200
Wilmington, DE, US 19801-6103

Eric Tanjeloff
c/o Brya M. Keilson, Esq.
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494

Ermitage One LLC
1826 W 23rd Street
Miami Beach, FL 33140-4521

Fairfield Development Associates, L.P.
1720 Butler Street
Easton, PA 18042-4621

Fida and Son Construction Corp.
1633 West 9th Street
Brooklyn, NY 11223-1211

Fitz Patrick Lentz & Bubba PC
Two City Center
645 West Hamilton Street Suite 800
Allentown, PA 18101-2197

Florida Department of Revenue
5050 W Tennessee Street
Tallahassee, FL 32399-0100

Florida Department of Revenue
Attn: Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

GCE Belnord Corp
c/o Bryan Cave
1290 Avenue of the Americas
New York, NY 10104-0101

GCE Belnord Corp.
375 Park Street
375 Park Street
Montclair, NJ 07043-2239

GCE Property Holdings, Inc.
c/o Bryan Cave
1290 Avenue of the Americas
New York, NY 10104-0101

George L. Miller TTE Estate EAM 40 Meadow La
c/o John T. Carroll, III, Esq.
Cozen O'Connor
1201 N. Market Street, Suite 1001
Wilmington, DE 19801-1166

HFZ 235 West 53rd Street Owner, LLC
600 Madison Avenue 15th Floor
New York, NY 10022-1761

HFZ 235 West 75th Street Owner, LLC
600 Madison Avenue 15th Floor
New York, NY 10022-1761

HFZ 301 West 53rd Street Owner, LLC
600 Madison Avenue 15th Floor
New York, NY 10022-1761

HFZ 344 West 72nd Street Owners, LLC
600 Madison Avenue 15th Floor
New York, NY 10022-1761

HFZ 501 West LLC
c/o David Sorokoff, Esq.
805 3rd Avenue, Suite 1201
New York, NY 10022-7563

HFZ 88 Lexington Avenue Owner, LLC
600 Madison Avenue 15th Floor
New York, NY 10022-1761

HFZ 90 Lexington Avenue Owner, LLC
600 Madison Avenue 15th Floor
New York, NY 10022-1761

HFZ Bryant Park Owner, LLC
600 Madison Avenue 15th Floor
New York, NY 10022-1761

HFZ Capital Group LLC
600 Madison Avenue, 15th Floor
New York, NY 10022-1761

HFZ Group, LLC
600 Madison Avenue 15th Floor
New York, NY 10022-1761

HFZ Highline LLC
c/o David Sorokoff, Esq.
805 3rd Avenue, Suite 1201
New York, NY 10022-7563

HFZ Highline Property Owners LLC
c/o David Sorokoff, Esq.
805 3rd Avenue, Suite 1201
New York, NY 10022-7563

HFZ Highline Special Member LLC
c/o David Sorokoff, Esq.
805 3rd Avenue, Suite 1201
New York, NY 10022-7563

HFZ KIK 30th Street Owner, LLC
600 Madison Avenue 15th Floor
New York, NY 10022-1761

HFZ Residential Collection, LLC
600 Madison Avenue 15th Floor
New York, NY 10022-1761

Harsh Padia
395 Hudson Street Suite 701
New York, NY 10014-3732

Hedgerow Real Estate LLC
2495 Montauk Highway P.O. Box 2185
Bridgehampton, NY 11932-2185

Helene Feldman
600 Madison Avenue
New York, NY 10022-1615

Horizon Select LLC
c/o A Registered Agent, Inc.
8 The Green A
Dover, DE 19901-3618

Internal Revenue Service IRS
Centralized Insolvency Operation
Post Office Box 7346
Philadelphia, PA 19101-7346

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

JC Industries LLC
47-17 35th Street
Sunnyside, NY 11101

Jared Paioff, Esq.
444 Madison Avenue, 6th Floor
New York, NY 10022-6973

Jenny Kwan
c/o Paykin Krieg & Adams LLP
2500 Westchester Avenue Suite 107
Purchase, NY 10577-2515

Jordan Vogel
c/o Ericka Fredricks Johnson, Esq.
Bayard P.A.
600 N. King St., Suite 400
Wilmington, DE 19801-3779

Lyda Erazo Bravo
501 NE 31 ST, Unit 1506
Miami, FL 33137-4484

MC Asset Management (Corporate), LLC
c/o National Registered Agents, Inc.
as Registered Agent
1209 Orange Street
Wilmington, DE 19801-1120

MCAM 40 ML Lender, LLC
c/o Monroe Capital Advisors, LLC
311 South Wacker Drive 64th Floor
Chicago, IL 60606-6627

MCAM 40ML Lender LLC
c/o Mark Shinderman, Esq. Milbank LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067-2901

Marcum, LLP
201 East Las Olas Boulevard, 21st Floor
Fort Lauderdale, FL 33301-3633

Margulis Gelfand DiRuzzo & Lambson, LLC
401 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301-2218

(p)MIAMI DADE COUNTY TAX COLLECTOR
ATTN WENDY MONTOYA
200 NW 2ND AVENUE
MIAMI FL 33128-1733

Miami Dade County Tax Collector
Finance Credit and Collection Division
Stephen P. Clark Center
111 NW 1st Street, 26th Floor
Miami FL 33128-1916

Monroe Capital Management Advisors, LLC
c/o The Corporation Trust Co.
as Registered Agent
1209 Orange Street
Wilmington, DE 19801-1120

Morrison Cohen LLP
Attn: David Ross, Esq.
909 Third Avenue, 27th Floor
New York, NY 10022-4784

NY State Department of Revenue
Department of Taxation and Finance NYS
WA Harriman Campus
Bankruptcy Unit, Building 8, Rm 455
Albany, NY 12227-0001

NY Stone and Tile
31-45 Howell Street
Attn: Nino Cohen
Linden, NJ 07036

New York Department of Taxation and Finance
Attn: Bankruptcy Section
NYS Tax Department
PO 5300
Albany, NY 12205-0300

Nino Cohen
c/o Melvin Berfond, Esq.
Berfond Attorney at Law
277 Broadway, Suite 810
New York, New York 10007-2025

Nir Meir
c/o Rosen Law, LLC
Gary Rosen, Esq.
216 Lakeville Road
Great Neck, NY 11020-1404

Nir Meir Incarcerated
#3492400575
Otis Bantum Correctional Center
16-00 Hazen Street
East Elmhurst, NY 11370-1361

Pankaj Malik, Esq.
14 Penn Plaza Street,9th Floor
New York, NY 10122-0901

Pavarini McGovern LLC
330 West 34th Street
New York, NY 10001-2432

Pennsylvania Department of Revenue
1 Revenue Place
Harrisburg, PA 17129-0001

Pennsylvania Department of Revenue
Department 280946
Harrisburg, PA 17128-0946

Polaris Lending LLC
c/o William Soto
Scarsdale Executive Building
531 Central
Scarsdale, NY 10583

Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017-5003

Quinn Emanuel Urquhart & Sullivan, LLP
2601 South Bayshore Dr, Suite 1550
Miami, FL 33133-5417

RSV One, LLC
c/o Corporation Service Company,
As Registered Agent
1201 Hays Street
Tallahassee, FL 32301-2699

Raphael Rebhan
3 Rothschild Blvd
Tel-Aviv, ISRAEL 6688106

Raymond Bartolacci
17076 Bay Street
Jupiter, FL 33477-1217

Rottenstreich Farley Bronstein
Fisher Potter Hodas LLP
515 North Flagler Drive - Suite 800
West Palm Beach, FL 33401-4324

Sav-Mor Mechanical Inc
30B Howard Place
Ronkonkoma, NY 11779-7246

Sergey Kostyatnikov
302 5th Avenue 8th Floor
New York, NY 10001-3604

Signature Bank
261 Madison Avenue
New York, NY 10016-2303

Smithtown Partners, LLC
40 Meadow Lane
Southampton, NY 11968-4631

Solomon Blum Heymann, LLP
Attn: Andrew Heymann, Esq.
40 Wall Street, 35th Floor
New York, NY 10005-1324

Suffolk County Taxing Authority
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6
Hauppauge, NY 11788-5402

Susman Godfrey, LLP
Attn: Mark H. Hatch-Miller, Esq.
1301 Avenue of the Americas
32nd Floor
New York, NY 10019-7736

Tiger REF Highline LLC
c/o David Sorokoff, Esq.
805 3rd Avenue, #1201
New York, NY 10022-7563

Town of Southampton Taxing Authority
116 Hampton Road
Southampton, NY 11968-4934

U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-2001

VSK E 68 LLC
302 5th Avenue 8th Floor
New York, NY 10001-3604

Vincent Vaccarella PA
888 East Las Olas Boulevard,
Suite 700
Fort Lauderdale, FL 33301-2396

Womble Bond Dickinson (US) LLP
Attn: Matthew P. Ward
1313 N. Market Street Suite 1200
Wilmington, DE 19801-6103

YH Lex Estates LLC
c/o Andrew Heyman
40 Wall Street, 35th Floor
New York, NY 10005-1324

YH Lex Estates LLC
c/o Solomon Blum Heymann LLP,
as Reg. Agent
40 Wall Street, 35th Floor
New York, NY 10005-1324

YH Lex Estates LLC
c/o Susman Godfrey LLP
Mark Hatch-Miller, Esq.
One Manhattan West
New York, NY 10001-0193

(c)YH LEX ESTATES, LLC
C/O JOSHUA WIDLANSKY, ESQ.
PADULA BENNARDO LEVINE, LLP
3837 NW BOCA RATON BLVD STE 200
BOCA RATON FL  33431-5826

YK Law LLP
118-35 Queens Blvd., Suite 400
Forest Hills, NY 11375-7211

YK Law LLP
c/o Pankaj Malik
14 Penn Plaza Street, 9th Floor
Miami, FL 10122-0901

Ziel Feldman
600 Madison Avenue
New York, NY 10022-1761

Anthony Palermo
c/o Ahearn Jasco & Co PA
190 SE 19 Ave
Pompano Beach, FL 33060-7541

Kathleen M. Aiello
Klestadt Winters Jureller, et. al.,
200 West 41st Street, 17th Floor
New York, NY 10036-7219

██████████████
████████████████████
███████████████

Mark Hatch-Miller
Susman Godfrey LLP
One Manhattan West
New York, FL 10001-0193

Ranee A. Bartolacci
501 NE 31st Street
Unit 1506
Miami, FL 33137-4484

Robert Almodovar
c/o Shield & Gavel Auctions
861 W Beckley Sq
Davie, FL 33325-3034

████████████████
███████████████
████████████████

Vincent F. Vaccarella
Vincent F. Vaccarella
888 East Las Olas Blvd
Suite 700
Fort Lauderdale, FL 33301-2396

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service [IRS]
Centralized Lien Operation
PO Box 145595
Cincinnati, OH 45250

Miami Dade County Tax Collector
200 NW 2nd Avenue
Miami, FL 33128

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

YH Lex Estates, LLC
c/o Joshua Widlansky, Esq.
Padula Bennardo Levine, LLP
3837 NW Boca Raton Boulevard, #200
Boca Raton, FL 33431

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.